## LUCAS *v.* JARRELL, EXECUTOR.

CONTRACT.—*Payment.—Suit for Money Paid for Use of Another.—Evidence.*— In a suit to recover for money alleged to have been paid by the plaintiff, to a third person, for, and at the request of, the defendant, it is immaterial as to whether such third person had or had not a valid claim upon the defendant, for such, or any sum of money. But to recover therefor the plaintiff must establish the facts that he had made such payments, and that it was made on the authority of the defendant.

SAME.—*Condition.—Performance.*—Where A. subscribes a certain sum of money, for a certain purpose, to be paid, on a certain condition, to B., who is to procure, therewith, a certain writing for A.; and B., without the express request of A., advances such sum, and procures such writing for A., and then institutes suit for such sum, against A., the latter may introduce evidence that such condition has never been performed; but, in the absence of proof of such request, or proof of the performance of such condition, B. can not introduce such writing in evidence.

From the Knox Circuit Court.

*G. G. Reily* and *W. C. Johnson*, for appellant.

PERKINS, J.—Appellant sought to recover from appellee, executor of the estate of James M. Jarrell, deceased, twenty dollars, which appellant alleges he paid for said James M., in his lifetime, at his request, in discharge of a subscription, made by said James M., of the above named sum, toward the building of a school-house.

Defendant answered in three paragraphs.

1.  General denial.

2.  The statute of limitations.

3.  That the alleged subscription was made upon the condition, that the school-house should be a building twenty-four by thirty feet.

Reply in denial.

Trial by the court. Judgment for the defendant. Motion for a new trial denied.

The evidence is in the record, and whether the court erred, in finding for the defendant upon it, is the only question in the cause.

This suit is based on the asserted facts that the appellant paid twenty dollars for James M. Jarrell, deceased, at his request, in discharge of a subscription, by said deceased, toward the building of a school-house. Does the evidence establish such a cause of action? To do so, it must establish two facts, viz., the payment of the money, and authority from Jarrell to make the payment for him.

The evidence is as follows:

Elijah Shake testified that he knew deceased; that, in the year 1866, a meeting of some ten or twelve persons was held in the old school-house, in the south part of Sullivan county, close to the Knox county line, to determine how a new school-house might be built. The deceased was there, and took part in the proceedings. It was stated in the meeting, that all the money required to build the house, except one hundred and fifty dollars, had

to be raised by subscription.   The school trustee was to furnish one hundred and fifty dollars out of the public funds; each man stated how much he would give; the decedent said he would pay twenty dollars; the money subscribed was to be paid to a committee appointed to build the house, when the house was completed.   The committee consisted of Reed Lucas, Francis Harvey and Elijah Shake.   The house was built.   Appellant paid for it, except the brick, which the witness, Shake, paid for. Did not know that deceased, Jarrell, ever paid anything. The house was all paid for in November, 1867.   Those agreeing to pay wrote down the amount on a piece of paper.   The paper contained no terms or conditions of subscription, and no agreement to pay, but simply a list of amounts; thought Jarrell wrote his own name and amount; the house was built twenty by thirty feet.

Francis Harvey testified that he was at the meeting referred to; deceased was present and agreed to pay twenty dollars, toward building the house; no time was fixed for building the house or paying the money; we, the committee, put the papers into the hands of Lucas; nothing was said at the meeting as to who should collect or pay out the money; witness told Lucas, near the time the meeting was held, to take charge of all the papers and the money; Lucas advanced the money, and collected part of the subscriptions; never heard deceased say anything about paying his part; at the meeting heard deceased say he was good for twenty dollars; saw him write his name to a paper; did not remember that any one was named to receive subscriptions; Lucas did the paying for the building; could not say that Jarrell agreed to pay to any certain person; the committee was chosen by a vote of the meeting.

Reuben Gilmore was township trustee; house was built in 1867; he was at the meeting spoken of; the subscriptions were to be paid to the building committee, and he, witness, was to give each subscriber a receipt for the

amount he paid, on his special school tax; Lucas paid him twenty dollars, and took a receipt on special school tax of deceased, Jarrell; Jarrell stated to the meeting that he would pay twenty dollars toward the building of the house, if it should be built of brick, twenty-four feet by thirty; the house was built twenty feet by thirty; its size was reduced for want of funds; he, the trustee, took no charge of the house till it was built.

The paper containing the list of names of contributors was given in evidence, but thè receipt given by the trustee, on Jarrell's school tax, to Lucas, was excluded, and this was all the evidence given in the cause.

This was not a suit upon the subscription of the deceased, Jarrell. It is, therefore, immaterial whether that subscription was binding or not, was conditional or not, and, if conditional, whether the condition had been fulfilled or not. If he requested Lucas to pay his subscription for him, and Lucas, in pursuance of that request, did pay it, Lucas could recover, in this action, for money paid, without regard to the validity of the subscription. No express request was proved; and if the subscription was conditional, and the condition had not been complied with, the facts would be properly admissible in evidence, as tending to repel an inference that the decedent had requested appellant to pay his subscription for him.

And as to the admission in evidence of the tax receipt of the township trustee, the court did right in excluding it till it was shown that Jarrell had authorized Lucas to pay his subscription. This fact not having been shown to exist, the court did not err in excluding the receipt. And, if it did exist, the receipt would only be evidence tending to prove that he had paid the subscription. As we have said, the appellant had to establish two facts, to enable him to recover in this case, viz., that he was authorized by Jarrell to pay the subscription for him, and that he had paid it. We can not say that the evidence establishes either of these facts. We need say no more

upon the evidence, as to the first of them. As to the second, the evidence is not clear that he paid this twenty dollars on the building of the house. It is proved that the house was built and paid for; but how much the house cost is nowhere stated. Gilmore, the township trustee, states that Lucas paid him twenty dollars, but he also says, in effect, that he had nothing to do with the building of the house. He was to pay one hundred and fifty dollars, when the house was completed by the citizens who undertook to erect it. We can not say the court erred in its finding and judgment in the cause.

Affirmed, with costs.