## CLARK ET AL. *v.* WHITE ET AL.

CONTRACT.—*Constructing Railroad.*—*Payment for, from Stock and Tax Collected.*—*Pleading.*—In an action to recover for the construction, in a certain township, of certain sections of a railroad, under a written contract providing that payment for part thereof should be made from the collections of certain stock subscriptions, and the residue on the collection, and payment to the railroad company, of a certain tax voted for such railroad, the complaint alleged, that such services had been performed, and that more than sufficient of such stock and tax, to pay for such services, had " been collected and paid over to " such company. *Held*, on demurrer, that the complaint is sufficient.

SAME.—*Instruction to Jury.*—An instruction to the jury, on the trial of such cause, that the plaintiff was entitled to recover, if he had performed his part of such contract, according to its terms, was erroneous.

From the Hamilton Circuit Court.

*D. Moss, T. J. Kane* and *T. P. Davis*, for appellants.

BIDDLE, C. J.—Complaint by the appellants, against the appellees, in two paragraphs.

The first paragraph is founded on a written contract to make certain excavations and embankments on sections seven and eight on the second division of the Anderson, Lebanon and St. Louis Railroad, to be paid for " from the collections in stock subscriptions in Washington township, in the ratio that sections seven and eight bear to the remaining six sections in said township, numbered 5,

6, 9, 10, 11 and 12; and the remainder to be paid out of the tax voted by Washington township, Hamilton county, Indiana, to the Anderson, Lebanon and St. Louis Railroad, as soon as said tax is collected by the treasurer of said Hamilton county, and paid over to the said Anderson, Lebanon and St. Louis Railroad Company."

The second paragraph of complaint is a common count for work and labor done and performed by the appellees for the appellants, with a bill of particulars.

A demurrer to the first paragraph of the complaint, for the want of facts, was overruled, and exception reserved. Subsequent pleadings were filed, and issues joined, upon which no question is presented. Trial by jury; verdict and judgment for appellees.

Under a motion for a new trial, several questions were reserved, some of which are presented by the briefs, and will be noticed:

1. The first assignment of error is, overruling the demurrer to the first paragraph of complaint. The averment objected to is as follows:

" That more than a sufficient amount of subscriptions and tax, stock mentioned in the said article of agreement, have been collected and paid over to the said railroad company, to pay off the said debt of the plaintiffs, against the defendants, for the performance of said work and labor."

It is insisted, that this averment is insufficient, because it does not show that enough of the subscription, " in the ratio that sections seven and eight bear to the remaining six sections," had been collected to pay the appellees. But we think it is sufficient; if not, it could have been made more specific, on the motion of the appellants; besides, the payment was not all to be made out of the subscriptions, and the averment is, that the collections on the subscription and tax were sufficient to pay for the work and labor done.

2. The court instructed the jury as follows:

"This is an action brought by the plaintiffs, against the defendants, for work and labor alleged to have been done by the plaintiffs, for the defendants; and, in their complaint, they set forth their supposed grievances in two separate and distinct paragraphs. In the first paragraph, they complain and set forth a written contract between plaintiffs and defendants, and to that contract you look for the terms of their contract on all matters included in the articles and provisions of said written contract, and will determine the rights of the parties by the terms and conditions of that written contract. And if you are satisfied from the evidence, that the plaintiffs have fully and completely performed the conditions of said contract as they therein and thereby agreed to do, the plaintiffs will be entitled to recover whatever, if any thing, there remains due them, and is unpaid on said contract."

This instruction does not correctly express the meaning of the written contract. It makes no reference to the stipulation contained in it, that payment for the labor was to be made out of the subscription and tax mentioned by its terms, and is, for this reason, erroneous. Its plain meaning is, that, if the appellees had performed the work, they were entitled to their pay, whether any amount of the subscription or tax had been collected or not. This is not according to the terms of the contract, under which they undertook to do the work. *Tyner* v. *Scofield*, 11 Ind. 550; *Lucas* v. *Jarrell*, 55 Ind. 41.

The instructions numbered 4, 6, 7 and 8 are erroneous upon the same principle, and need not be more particularly noticed.

For these reasons, the judgment must be reversed.

The judgment is reversed, at the costs of the appellees, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.