Nov. Term,
1858.

TYNER
v.
SCOFIELD.

Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

L. Bingham, C. E. Walker, and J. H. Vawter, for the appellants.

------•◦•------

TYNER, Assignee, v. SCOFIELD.

A., assignee of B., sued C. upon an agreement under seal between B. and C., by which B. sold and transferred to C. his interest in all moneys that would have been paid to them by a bridge company upon a contract for work upon a bridge, for 225 dollars, to be paid to B. by C. out of the money received as the final estimate of the work. C. bound himself to complete the work according to the contract with the company, and released B. from all responsibility thereon. The complaint alleged, 1. That a final estimate had been made, and payment demanded, but averred a failure to pay. 2. That no final estimate had been made, but that the defendant had settled with the company and accepted, in full satisfaction of the sum that would have been due him on such final settlement, certain claims, &c., whereby said 225 dollars became due, which was demanded, &c. The fourth paragraph of the answer averred that the interest of B. was transferred to C. subject to all the contingencies and conditions set forth in the contract with the company, and that the 225 dollars was to be paid only out of the final estimate, &c.; that defendant was ready to perform the work, but on, &c., the company discharged him, as by the contract they might; that he only received a partial estimate, a great part of which remained unpaid, owing to the insolvency of the company; that there was no final estimate, nor did he receive, on compromise, or otherwise, the money out of which the said 225 dollars was to be paid. The stipulations of the contract sustained the allegations of this defense, as to the right of the company to stop the work.

Held, 1. That the fourth paragraph of the answer was good on demurrer.

2. That the contract between B. and C. was made with reference to anticipated profits on the bridge contract, and the 225 dollars was payable only out of the final estimate.

3. That A., not having at the time of the suit any interest in the claim sued on, was not the proper plaintiff.

Wednesday,
February 16,
1859.

APPEAL from the Fayette Court of Common Pleas.

HANNA, J.—This was an action by Tyner, assignee of Wilcox, upon an agreement under seal between Wilcox and Scofield, by which Wilcox sold and transferred to Sco-

Nov. Term,
1858.

TYNER
v.
SCOFIELD.

*field* "all the right, title, and interest of the said *Wilcox* in and to any and all moneys," &c., "that would have been paid to said *Wilcox* and *Scofield* by the *New Trenton, &c., Bridge Company*, for the wood-work of a bridge contracted to be constructed by said *Wilcox* and *Scofield* for said company, at," &c., "for the sum of 225 dollars, to be paid to said *Wilcox* by said *Scofield*, out of the money received as the final estimate on said work." Then follows a stipulation by which *Scofield* binds himself to complete the work according to the contract of *Wilcox* and *Scofield*, and to release *Wilcox* from all responsibility on said contract, and that *Scofield* was "to pay said *Wilcox* the above-named sum at the time and in the manner above mentioned."

The issues make no question as to parties.

There was a demurrer overruled to the fourth paragraph of the answer, which will be first noticed.

The first paragraph of the complaint alleged that a final estimate had been made, and averred a demand and failure to pay said 225 dollars, &c.

The second paragraph averred, among other things, that no final estimate had been made, but that in lieu thereof the defendant settled with the said company for the sum due him on his work, including the sum that would have been due upon a final estimate, and accepted, in full satisfaction, certain claims, &c., by means whereof the said sum of 225 dollars became due, which was demanded, &c.

The fourth paragraph of the answer averred that on, &c., *Wilcox* and the defendant contracted with said *New Trenton, &c., Bridge Company*, to construct the wood superstructure of a bridge, &c.; that the interest of *Wilcox* mentioned in the writing sued on, is the same as that named in this contract, and that the same was transferred by said *Wilcox* to said *Scofield*, subject to all of the contingencies and conditions set forth in said contract and answer, and that said 225 dollars was to be paid only out of the final estimate, &c. Averment of readiness to perform said work, but that on, &c., said company failing to have funds, &c., discharged, as by the contract they had a right to, said defendant, and would not permit him to com-

plete said work, and that he only received a partial estimate thereon, a great part thereof remaining unpaid on account of the insolvency of the said company; that there was no final estimate, nor did he receive, on compromise or otherwise, the moneys out of which said 225 dollars was to be paid, &c.

The stipulations of the contract referred to in the answer, bearing upon this point, were, that an estimate was to be made *May* 1, 1852, and every sixty days thereafter, of which sums 10 per cent. was to be reserved until the work should be completed; and if, from want of funds, the company should find it necessary to suspend the construction of said work, they should have the right to do so at any stage of the work, and if such suspension should be for a longer period than one year, the 10 per cent. should be paid up.

The demurrer to this fourth paragraph was for want of sufficient facts to constitute a defense.

We are of opinion the demurrer to the fourth paragraph of the answer was correctly overruled. Whatever might have been the rights of *Wilcox*, or his assignee, in reference to the recovery of the 225 dollars, if the construction of the bridge had been completed, and the contract in regard thereto complied with by both parties, it is not necessary to decide; for it is surely apparent from the pleadings that the contract between *Wilcox* and *Scofield*, so far as that 225 dollars was involved, was made with reference to anticipated profits upon the bridge contract. If such sum had been payable absolutely, it might have presented a different question. Here it was payable out of the money received from the final estimate. This fourth paragraph not only denies that a final estimate was ever made and the money received thereon, but also controverts the averments of the complaint that upon a compromise between the bridge company and *Scofield*, sums had been by him received, out of which this sum should be paid.

This, so far as we can see, was the material issue to be tried, and the finding by the jury was for the defendant.

The point raised by the motion for a new trial, not dis-

posed of already, was as to whether this verdict was sus-
tained by the law and the evidence.

We have, with care, examined the evidence, and think
it tended to sustain the verdict, and it will not, therefore,
be disturbed.

Although there is no question made as to parties, yet
we cannot but see that there is an agreement in the record
that *Tyner* had not, at the time of the suit, any interest in
the claim or suit.

*Per Curiam.*—The judgment is affirmed with costs.

*J. D. Howland*, for the appellant.

*N. Trusler* and *G. Trusler*, for the appellee.