BROOKS v. HOLTON.

(Filed November 1, 1904).

1. PARTIES—*Solicitor—Debts of Decedents—Clerks of Courts.*

> A solicitor cannot sue for the benefit of the distributees of a deceased person to recover money paid to a clerk of the superior court.

2. PARTIES—*Solicitor—Debts of Decedents—Pleadings—Amendments.*

> Where a solicitor sued to recover money for the distributees of a decedent, an order directing that said distributees be made parties plaintiff was proper.

ACTION by the State on relation of A. L. Brooks, Solicitor, against A. A. Holton, heard by *Judge C. M. Cooke,* at February Term, 1904, of the Superior Court of GUILFORD County. From a judgment for the plaintiff the defendant appealed.

*G. S. Ferguson, Jr., King & Kimball* and *W. P. Bynum, Jr.,* for the plaintiffs.
*L. M. Scott* and *J. T. Morehead,* for the defendant.

CONNOR, J. This action was brought by E. S. Parker, Solicitor, for the purpose of recovering an amount of money paid to the defendant, Clerk of the Superior Court of Guilford County, by C. R. Benbow, administrator of Mary Stanback, for the benefit of her distributees. The present

plaintiff was made a party as the successor of Mr. Parker. The prayer for judgment was that the plaintiff recover the amount for the benefit of Ada A. Stanback and Belle Stanback, the distributees. The defendant demurred for that the plaintiff had no authority nor was it his duty to sue for the money paid into the Clerk's office. The Judge sustained the demurrer and upon motion of the said distributees ordered that they be made parties plaintiff, and that the pleadings be reformed. * * * To this order the defendant excepted and appealed.

The order made by his Honor is fully sustained by a number of cases decided by this Court. *Cox v. Peebles,* 67 N. C., 97; *Comrs. v. Candler,* 123 N. C., 682. The distributees were the real parties in interest and the amendment in nowise changes the cause of action, the amount which is recoverable, or affects any defense open to the defendants, as the action was originally brought. The case is distinguished from *Goodman v. Goodman,* 72 N. C., 508, where *Bynum, J.,* says: "The suit was begun by the next of kin who had no right of action, and the attempt is to make that good by adding as a party a person who himself had no existence and no right of action when the suit was commenced." In this case the distributees had a right of action when the suit was begun. The Solicitor expressly says that the money belongs to them and he is suing to recover for their benefit. In *Merrill v. Merrill,* 92 N. C., 657, it was necessary for the substituted plaintiff to set forth a new and different cause of action. This cannot be done. There is

No Error.