## HAMILTON v. DIEFENDERFER.
### (No. 676.)

APPEAL AND ERROR—BILL OF EXCEPTIONS—AMENDMENT—WITH-DRAWAL FOR AMENDMENT.

1. It is the duty of counsel preparing a bill of exceptions to insert or cause to be inserted therein or in the certificate of allowance a statement to the effect that the bill contains all the evidence, if the evidence is to be considered, but where by an oversight such statement has been omitted, the withdrawal of the bill for amendment in that particular may be permitted, upon application made within reasonable time, and a satisfactory showing that the bill does in fact contain all the evidence admitted and offered upon trial.

2. The showing made upon a motion for leave to withdraw the bill of exceptions for the purpose of having it amended so as to show that it contains all the evidence *held* to be sufficient to justify granting the motion, it appearing by affidavit of counsel who prepared the bill that it does in fact contain all the evidence admitted and offered upon the trial,

and all the objections, rulings and exceptions thereon, that the bill as prepared was at the request of the trial court presented to opposing counsel for examination to ascertain whether it contained all the evidence, who thereupon examined and approved the same, and noted his approval upon the bill.

[Decided March 26, 1912.]                    (122 Pac. 88.)

Error to the District Court, Sheridan County; Hon. Carroll H. Parmelee, Judge.

Plaintiff in error moved to strike the bill of exceptions and to dismiss, whereupon defendant in error moved for leave to withdraw the bill for the purpose of amendment. The hearing was upon both motions. The material facts are stated in the opinion.

*Metz & Sackett,* and *Clark & Clark,* for plaintiff in error.

The assignment of error based upon the overruling of the motion for new trial is sufficient to bring before the court all the assignments of error set forth in such motion. Some of them do not demand for their consideration an examination of all the evidence. The assignments which relate to errors committed in the admission of evidence are sufficiently brought into the bill of exceptions in its present condition, and therefore there is no sufficient reason alleged in the motion to strike the bill to justify sustaining it. Counsel for plaintiff in error might upon leave file a supplemental brief discussing assignments of error not referred to in the original brief.

The motion for leave to withdraw the bill for amendment was filed in apt time. When the defect alleged was first called to the attention of counsel the bill was on file in this court. Permission to withdraw it for the purpose of amendment cannot possibly prejudice the defendant in error as to any of his just rights, while a refusal of such permission might result in grave injustice to the plaintiff in error. The showing made by the affidavits in support of the application to withdraw the bill sufficiently discloses that there is ample data for the district court to make the amendment in full

compliance with the rule relating to an amendment of a judicial record after the expiration of the term. The showing is also sufficient to justify granting leave to withdraw the bill. (Ry. Co. v. Walsh, 37 N. E. 1001; Callahan v. Houck, 14 Wyo. 201; Comp. Stat. sec. 944.)

*Enterline & LaFleiche,* for defendant in error.

The bill of exceptions is insufficient to authorize a consideration of the only assignments of error discussed in the brief of plaintiff in error, since all of the evidence is necessary to be considered in disposing of such assignments, and the bill fails to show that it contains all the evidence. (Loan & Trust Co. v. Holliday Co., 3 Wyo. 386; Wheaton v. Rampacker, 3 Wyo. 441; State v. Snearly, (Wyo.) 107 Pac. 389.) The court cannot say whether or not a judgment rests upon adequate proof unless all of the evidence is in the record. (Callahan v. Houck, 14 Wyo. 201.)

The motion of defendant in error to withdraw the bill for amendment should be denied, for the reason that it appears that the defect is due to the laches or carelessness of counsel for plaintiff in error. A rule which would permit the bill to be withdrawn at this time for the purpose of amendment would destroy the finality of appellate proceedings and in effect permit a bill of exceptions to be perfected at any time, and in any way. The motion to withdraw was not filed within a reasonable time.

PER CURIAM.

The defendant in error filed a motion in this case to strike the bill of exceptions from the files on the ground that it fails to show that it contains all the evidence, and that the only point discussed in the brief of the plaintiff in error is the sufficiency of the evidence to sustain the judgment. The plaintiff in error filed a motion supported by affidavit for leave to withdraw the bill for the purpose of returning the same to the district court and having the certificate thereto amended so as to clearly show that the bill contains a full, true and correct transcript of all the evi-

dence submitted, offered or received upon the trial of said
cause and another cause which was tried at the same time
upon a stipulation consolidating the two causes for trial.
Both motions have been submitted for our decision. It
appears that the bill of exceptions was allowed and filed in
the district court on December 3, 1910; that the petition
in error was filed in this court April 13, 1911, and the briefs
of plaintiff in error June 8, 1911; that the motion to strike
the bill was filed November 9, 1911, and the briefs of the
defendant in error in support of that motion Jan. 6, 1912.
The motion to withdraw the bill for the purpose of amend-
ment was filed Jan. 18, 1912, and the brief in support thereof
as well as the objections of the plaintiff in error to that
motion were filed Jan. 20, 1912. Although one of the
counsel here for plaintiff in error prepared the bill of ex-
ceptions he states in his affidavit filed in support of the
motion to withdraw the bill, that he learned of the alleged
omission a short time only before the filing of the motion;
that the transcript of the evidence contained in the bill does
in fact contain all of the evidence admitted and offered upon
the trial of both of said cases, and all of the objections,
rulings and exceptions thereon; that the bill so prepared
and offered for allowance was, at the request of the trial
judge, presented to opposing counsel for examination to
ascertain whether it contained all the evidence, who there-
upon examined and approved the same, noting his approval
upon the bill.

It has been said by this court: "Ordinarily an applica-
tion of this kind (to withdraw the bill for amendment)
will not be denied when it is timely made, and where it is
apparent that the bill of exceptions is defective and does
not contain something that it should contain." (Freeburgh
v. Lamoureux, 13 Wyo. 454.) And it was further said in
that case that no general rule can be laid down as to what
will or will not excuse delay in making the application, but
that the matter must be decided upon the circumstances of
each case, and it was held that a delay of more than two

years after attention was called to a defect in the bill was unreasonable. Again in Callahan v. Houck, 14 Wyo. 201, it was said: "While it is true that a bill of exceptions will usually be returned for amendment or correction when the mistake is due to some act of the defendant in error or his counsel, it is equally well settled that it will not ordinarily be returned when the mistake is due to the laches of the plaintiff in error or his counsel, though upon timely application and satisfactory showing, the court might in such case order a return to avoid a clear miscarriage of justice." And further: "When and under what circumstances a bill of exceptions will be sent back to the trial court for correction or amendment are matters entirely within the discretion of the appellate court."

It was of course the duty of counsel preparing the bill to insert or cause to be inserted therein or in the certificate of the court or judge allowing the same a statement to the effect that it contains all of the evidence; but we think that counsel should be given a reasonable opportunity to correct such an oversight under the circumstances disclosed where there has been no unreasonable delay in making the application for that purpose. Whether or not the bill is to be amended if returned is for the district court or judge to determine. But we are satisfied that the showing made is sufficient to justify granting the motion for leave to withdraw the bill for the purpose of such amendment. It will therefore be ordered that such motion be granted and the bill of exceptions returned to the district court for a reasonable time for the purpose of allowing such proceedings to be taken and determined as may be deemed proper or necessary in the premises.

Further consideration of the motion to strike will therefore be postponed until a termination of the proceedings for the amendment of the bill and its return to this court, when the parties will be accorded another hearing upon the motion if desired.