## JONES vs. ARMELING

(No. 1077, February 5th, 1924; 222 Pac. 569.)

APPEAL AND ERROR—BILL OF EXCEPTIONS—MOTION FOR NEW TRAIL—MOTION TO DISMISS—INSUFFICIENCY OF PLEADINGS, TO SUPPORT JUDGMENT.

1. Where errors alleged in proceedings in error were such as could have been properly assigned as grounds for a new trial, and the motion for a new trial was not embraced in the bill of exceptions, the proceeding in view of Supreme Court rule 13, presents nothing which will be considered by the Supreme Court.

2. Recital in a bill of exceptions that plaintiff in error's motion for new trial was denied, and that he excepted to the ruling, *held* not sufficient to make the motion a part of the record, within Supreme Court rule 13.

3. An assignment in proceedings in error as to the overruling of plaintiff in error's motion, made after both sides had

rested, to dismiss the case on the ground that the petition did not state facts sufficient to constitute a cause of action and that the evidence disclosed defects in parties plaintiff or defendant, should have been made a ground of a motion for a new trial.

4.   Where a bill of exceptions was defective in not embracing a motion for new trial as required by Supreme Court rule 13, the fact that a motion to dismiss the proceeding in error did not urge as a ground therefor, the fact that the bill of exceptions was defective for that reason, and the fact that briefs of counsel did not call the defect to the appellate court's attention *held* not to preclude refusal to consider alleged errors, as regardless of the 'manner in which the defect comes to the notice of the appellate court, rule 13 must be enforced unless some reason appears for its suspension.

Error to District Court, Big Horn County; Percy W. Metz, Judge.

Action by Henry R. Armeling against Gilbert G. Jones. Judgment for plaintiff and defendant brings error. Submitted on motion to dismiss error proceedings and on the merits.

*C. A. Zaring and R. B. West* for plaintiff in error.

The evidence is insufficient to sustain the verdict or judgment. A warranty must be based upon consideration, 24 R. C. L. 154. There is no implied warranty of the soundness or breeding qualities of an animal sold for breeding purposes, 24 R. C. L. 203; Thompson v. Miser, (Ohio) 19 Ann. Cas. 874; McQuaid v. Ross, (Wis.) 55 N. W. 705. The warranty must be express, Leitner v. Thayer, 24 Wyo. 383; it was not shown that plaintiff in error made any false representations. We understand that in order to prove false representations, certain specific elements are necessary; first, that the representations made were false; second, that defendants knew them to be false; third, that they were made with intent, that they be relied upon; fourth, that relying upon them plaintiff was induced to contract, 3 Words and Phrases; Schoellhamer v. Rometsch, 38 Pac. 344. The only representations made by plaintiff in error about the

horse, were as to what the horse did the year before, which was not denied, Olmans v. Williams, 167 N. C. 312, 83 S. E. 344. The petition below was insufficient; the causes of action therein were contradictory; plaintiff should have been required to elect upon which should be submitted to the jury, Reed v. Poindexter, (Mont.) 40 Pac. 596, 31 Cyc. 122; Ferguson v. Gilbert, 16 O. S. 88. There was a defect of parties plaintiff; plaintiff's exhibits one and two being certain freight bills, should have been stricken from the record; instructions numbered three and four are erroneous, no cause of action being shown against Jones.

*Brome & Hyde* for defendant in error.

The methods provided by statute for reviewing judgments of District Courts are not concurrent; an election between two remedies excludes the other, 9 R. C. L. 956; Wood v. Claybourne, 82 Ark. 514; Amer. P. Co. v. Brick Co., 56 Fla. 116; Keedy v. Long, 71 Md. 385; Frisch v. Wells, 200 Mass. 429; Henry v. Harrington, 193 N. Y. 218; Gall v. Gall, 126 Wis. 390. This is upon the theory of several inconsistent remedies, the pursuit of one implies the negation of the others, Milling Co. v. R. R. Co. 97 Ia. 719; Zimmerman v. Robinson, 128 Ia. 172. Plaintiff in error elected to prosecute a direct appeal under 6412 C. S. and obtained an order staying execution under the statute; no bond was given in the error proceeding. He had therefore elected to prosecute a direct appeal, preventing defendant in error from enforcing his judgment, and he cannot now be permitted to abandon his appeal and prosecute error. The only error committed below, was in the elimination of defendant Warren Jones from liability. The defendants were all interested in the horse involved and participated in representations made to induce a sale. No objection was made to the petition until the close of the evidence, whereupon defendants moved for an election as to the count upon which a verdict would be asked, there being evidence sufficient to sustain both causes of action, the denial of this motion was

not error, no objection should be regarded unless it is material, 5868 C. S.

*C. A. Zaring* and *R. B. West* in reply.

The authorities cited by defendant in error on inconsistent remedies are not in point. The rule governing alternative consistent remedies applies, and when we have had our case reviewed under either method provided therefor, we are barred as to the other 20 C. J. 33; Habelar v. Rogers, 131 Fed. 43. An actual or implied intent is necessary to constitute an election of remedies.

KIMBALL, Justice.

This is a proceeding in error to review a judgment rendered on the verdict of a jury against the plaintiff in error, the defendant below. The errors alleged are such as could have been properly assigned as grounds for a new trial, and the motion for a new trial is not embraced in the bill of exceptions. The proceeding, therefore, under our rule, presents nothing that will be considered by this court. Sup. Ct. Rule 13, 29 Wyo. 552; Rubel v. Willey, 5 Wyo. 427, 40 Pac. 761. The bill of exceptions recites that plaintiff in error's motion for a new trial was denied, and that he excepted to the ruling, but this is not sufficient to make the motion a part of the record. Seng v. State, 20 Wyo. 222; 122 Pac. 631; Chatterton v. Bonelli, 27 Wyo. 301; 196 Pac. 316.

The petition in error alleges that the trial court erred in overruling the plaintiff in error's motion, made after both sides had rested, to dismiss the case for the reason that the petition did not state facts sufficient to constitute a cause of action and that the evidence disclosed defects in parties plaintiff or defendant. This assignment, like the others to which we deem it unnecessary to make particular reference, is one that should have been made a ground of a motion for a new trial. Burns v. Railway Co., 14 Wyo. 498, 85 Pac. 379. The petition in error does not otherwise challenge the

sufficiency of the plaintiff's petition to support the judgment.

The case was submitted both on a motion to dismiss the proceeding in error and on the merits. We do not rule on the motion. The fact that the motion for a new trial is not embraced in the bill of exception was not made a ground of the motion to dismiss nor called to our attention by the briefs of counsel. It is clear, however, that when the defect comes to our notice in any manner we must enforce the rule unless there appears some reason for its suspension. Rubel v. Willey, and Chatterton v. Bonelli, supra.

The judgment of the district court will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.

NOTE—See 3 C. J. p. 980; 4 C. J. pp. 93, 94, 503.