## NELSON v. CONSOLIDATED ELEVATOR & MILLING CO., ET AL (WHALEY ET AL., INTERVENERS) McINTOSH v. SAME*

(No. 1166; December 23, 1924; 231 Pac. 397)

APPEAL & ERROR—ASSIGNMENT OF ERROR—REPLEVIN.

1. An assignment of error, in motion for new trial of "errors of law occurring at trial, and duly excepted to by plaintiff," *held* too general and indefinite to present for review question of error in admitting certain evidence.

2. Evidence *held* to sustain finding that stored wheat replevied by plaintiffs belonged to interveners.

*NOTE—See Headnotes—(1) 3 C. J. p. 967; 29 Cyc. p. 944; (2) 34 Cyc. p. 1462 (1926 Anno).

ERROR to District Court, Big Horn County; PERCY W. METZ, Judge.

Separate actions in replevin were brought by R. G. Nelson and Ira McIntosh against the Consolidated Elevator & Milling Co. and another to recover stored wheat. Thomas H. Whaley and E. E. Yarnell intervened in both actions which were consolidated for trial. Judgments were rendered for the interveners. Plaintiffs bring error.

*R. B. Landfair* for plaintiffs in error.

The judgments are against the weight of the evidence; the warehouse receipt is the contract between the parties and cannot be varied by parol evidence, 40 Cyc. 411; Elliott on Contracts, Sec. 3099. Neither notice nor tender is necessary where the other party was neither ready, able

or willing to perform; 11 Fletch. Corp. 3891; Fast v. Baker, 131 N. E. 57; Leadbetter v. Price, 103 Ore. 222.

*Brome & Hyde* and *C. A. Zaring* for defendants in error.

The judgment is supported by the evidence; the warehouse receipts contained a statement that the grain had been stored with grain of the same kind and grade and that a similar quantity and grade was deliverable upon surrendering of the receipts properly endorsed, less handling charges. It was understood that the grain of Yarnell and Whaley should not be mixed with other wheat. The oral testimony received was as to whether or not the grain had been mixed; in replevin it is necessary for plaintiff in a case of this kind to identify his specific portion of the mass belonging to him, 23 R. C. L. 863; this, plaintiffs in error failed to do, and were not entitled to recover any portion of the wheat separately stored by defendants in error with which their wheat had not been mixed. Upon the record, judgment must have gone against plaintiffs in error in any event, so they were not harmed by the entering of judgment in favor of defendants in error.

BLUME, Justice.

The Consolidated Elevator and Milling Company, a Montana corporation, was a warehouseman, running an elevator, with a number of bins, at Greybull, Wyoming. The plaintiffs Nelson and McIntosh deposited 378 and 829 bushels of wheat, respectively in this elevator from January to March, 1921. Thomas H. Whaley and E. E. Yarnell, hereinafter called intervenors, took 2524 bushels of No. 1 soft wheat to this elevator in December 1920, but did not, so the evidence indicates, sell the wheat to the elevator company, but simply stored their wheat for safekeeping in what are called bins Nos. 2 and 12, keeping their wheat separate and apart from all other wheat and no other wheat than that of intervenors was stored in the bins last

mentioned. The elevator company continued to operate till about May 5, 1921, when an inventory was taken, and as shown by some of the testimony in the case, the elevator was thereupon closed. A receiver for the company was appointed on June 2, 1921, who thereupon took possession of the property. Prior to the last mentioned date, however, and on May 21, 1921, each of said plaintiffs commenced an action of replevin in the district court of Big Horn County to recover the possession of the wheat deposited by them as aforesaid. Wheat to the amount claimed was seized and taken by the sheriff from said elevator and delivered to the respective plaintiffs. The intervenors aforesaid subsequently intervened in said actions, claiming that the wheat so seized by plaintiffs was taken from said bins Nos. 2 and 12 and was the property of intervenors. The two actions of plaintiffs were consolidated for the purpose of trying the rights of intervenors so asserted. The cases were tried to the court without the intervention of a jury. Judgment was in each case rendered in favor of intervenors, and the plaintiffs bring proceedings in error. The rights of the elevator company are not involved herein as the matter is presented in this court, and no question is raised as to the form, manner or sufficiency of the procedure in the court below.

Two points only are urged in this court:

(1) that the judgment is not sustained by sufficient evidence;

(2) that the lower court erred in admitting evidence to contradict the terms of a written contract. In the motion for a new trial, the only ground, in addition to the first point here urged, was: (2) "Errors of law accurring at the trial and duly accepted to by the plaintiff." It is well settled that such specification of error is altogether too general and indefinite to present for review in this court the question as to·whether the court erred in admitting the evidence referred to, or any evidence in this case. Chicago, Burlington & Quincy Ry. Co. v. Morris, 16 Wyo.

308, 93 Pac. 664; Holdsworth v. Blyth-Fargo Co., 23 Wyo. 52, 146 Pac. 603.    Hence all we can consider is as to whether or not the judgment herein is supported by sufficient evidence.

The plaintiffs in this case testified that the wheat taken under the writs of replevin was taken from bins 1, 6 and 13 and not from bins 2 and 12 except only a hundred bushels, of which about half was put back.    But the trouble is that the physical facts showed plaintiffs to have been mistaken.    The undisputed evidence is that plaintiffs took soft, winter wheat.    According to the inventory taken May 5, 1921, there was at that time no wheat in bins 1 or 13.    The only soft wheat in the elevator at the time was as follows:    In bins 2 and 12, 2575 bushels, and in bin No. 11, 612 bushels.    The only other wheat was in bins 6, 7 and 8 with 123, 252 and 98 bushels respectively; but the wheat in these bins was hard, spring wheat.    No wheat had been seized out of bin No. 11 and hence it would seem that plaintiffs could not have seized any wheat except only out of bins 2 and 12.    The amount so seized was about equal to the shortage of the wheat of intervenors in these bins.    The judgments of the lower court are, we think, sustained by ample evidence, and must be affirmed

POTTER, Ch. J., and KIMBALL, J., concur.