## POSVAR v. PEARCE, ET AL.*
(No. 1473; February 7, 1928; 263 Pac. 711)

APPEAL AND ERROR—ASSIGNMENTS OF ERROR—MOTION FOR NEW TRIAL—BILL OF EXCEPTIONS—BILL MUST CONTAIN MOTION FOR NEW TRIAL, RULING THEREON AND EXCEPTION TAKEN—TAXATION—REAL PARTY IN INTEREST.

1. Assignment of error that court erred in rendering judgment, without pointing out wherein error consisted, and another that court erred in any and all rulings, if any, are too indefinite to be noticed by the Supreme Court.

2. Alleged errors in sustaining motion to dismiss case, in rendering judgment, and in admission or exclusion of evidence are such that are not apparent on face of record proper, but must be assigned as ground for new trial.

3. Bill of exceptions which contains no motion for new trial, does not show that motion was overruled, and fails to show that exception was taken to ruling of court overruling motion, is in violation of Supreme Court rule 13, and defective.

4. On bill of exceptions being defective in failing to contain motion for new trial, ruling on motion, and exception thereto, Supreme Court will not grant permission to send record back for correction, where omission is due to laches of parties seeking relief and it does not appear that an exception was ever taken to overruling of motion for new trial.

5. Under Comp. St. 1920, § 5580, requiring actions to be prosecuted in name of real party in interest, an attorney in fact cannot bring an action to remove a tax deed as cloud on certain lands, without alleging any interest in premises himself, or any other interest in suit other than as attorney in fact.

*See Headnotes: (1, 2) 3 C. J. p. 976 n. 27; p. 980 n. 66; p. 984 n. 19; p. 1385 n. 53. (3) 4 C. J. p. 94 n. 60; p. 96 n. 77; p. 97 n. 83. (4) C. J. p. 501 n. 46, 47 New. (5) 37 Cyc. p. 1512 n. 20.

ERROR to District Court, Natrona County; CYRUS O. BROWN, Judge.

Action by George W. K. Posvar against H. Pearce and another. Judgment for defendants, and plaintiff brings error. Heard on motion to dismiss.

*Nichols & Stirrett,* for the motion.

*George W. K. Posvar,* contra.

*Per Curiam.*

A motion has been filed in this case to dismiss the proceeding in error for the reason that it appears from the bill of exceptions and the records in the case that there is nothing for the court to decide because of the fact that no motion for a new trial is embodied in the bill of exceptions, and that it does not appear therefrom what was done with the motion, or that any exception was taken to the action of the court overruling it.

In some cases, as pointed out in Schmidt v. Bank, 29 Wyo. 260, 212 Pac. 651, proceedings in error may be reviewed without a bill of exceptions, and hence without a motion for a new trial being embodied therein, as, for instance, where the assignment of error is that the petition fails to state a cause of action, or where the error assigned is that the court wrongly sustained a demurrer to the petition. In other instances, as pointed out in the same case, a bill of exception does not need to contain a motion for a new trial, as, for example, to obtain a review of a motion

to dissolve a temporary injunction or a motion to discharge an attachment. No motion for a new trial is required in such cases. The case before us is no such case, but is a case which comes under the third class of cases mentioned in Schmidt v. Bank, supra. One assignment of error is that the court erred in rendering judgment against plaintiff in error, without pointing out wherein the error consisted. Another assignment is that the court erred "in any and all other rulings, if any." These assignments of error are too indefinite to be noticed by this court. Chicago & N. W. Ry. Co. v. Ott, 33 Wyo. 200, 209, 237 Pac. 238, 238 Pac. 287; Nelson v. Cons. E. & M. Co., 32 Wyo. 181, 231 Pac. 397, and cases cited. Another assignment of error is that the court erred in sustaining the motion dismissing this case because the plaintiff had no interest therein; another, that the court erred in rendering judgment herein, for the reason that it is contrary to law and the evidence; about 21 of the assignments relate to the admission or exclusion of evidence or the ruling of the court thereon. None of these errors are apparent on the face of the record proper, but were such as were properly assigned as ground for new trial. Freeburgh v. Lamoureux, 12 Wyo. 41, 73 Pac. 545; School Dist. No. 3 v. Western Tube Co., 5 Wyo. 185, 38 Pac. 922; Wolcott v. Bachman, 3 Wyo. 336, 23 Pac. 72, 673. The last assignment of error is that the court erred in overruling the motion for a new trial. It is clear, accordingly, that Rule 13 of this court applies to all of the assignments of error. That rule states as follows:

"Nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was overruled and an exception was at the time reserved to such ruling; all of which shall be embodied in the bill of exceptions."

Twenty-three years ago, this court in the case of Boulter v. State, 6 Wyo. 66, 42 Pac. 606, said:

"For nearly a quarter of a century, the practice has been followed, as directed by the rules and decisions of this court, to insert a motion for a new trial in a bill of exceptions, certified to by the judge, and not to recognize or consider any matters on appeal, arising during the trial, which were not a part of the record proper, except such as were embodied in a bill of exception. Our rule is but a general doctrine that a motion for a new trial must be incorporated in a bill of exceptions in order to be preserved for review on appeal."

The rule has been followed ever since, many of the cases on the subject being reviewed in Fitzpatrick v. Rogan, 28 Wyo. 231, 203 Pac. 245; see also Schmidt v. Bank, supra, and Jones v. Armeling, 31 Wyo. 22, 222 Pac. 569. Further, it is necessary that the bill of exceptions show what was done with the motion for a new trial. Schmidt v. Bank, supra; Bank of Chadron v. Anderson, 7 Wyo. 441, 53 Pac. 280; Freeburgh v. Lamoureux, 12 Wyo. 41, 73 Pac. 545. In other words, there are three defects in the bill of exceptions, in violation of the rule aforesaid: (1) No motion for a new trial is contained in the record; (2) The bill of exceptions does not show that the motion for a new trial was overruled, and (3) It fails to show that an exception was taken to the ruling of the court overruling a motion for a new trial.

Notwithstanding the fact that this is true and is fatal to the proceedings herein under the holding of this court consistently followed for half a century, plaintiff in error insists that the motion for a new trial is not required to be embodied in the bill of exceptions, and further asks this court, in spite of this attitude, that if we should hold that he is in error, we should then permit him to send the record back for correction. We cannot look with favor upon such practice. It is the duty of the parties to have

the record in this court so that a decision upon questions submitted to us and arising on the record may be final, otherwise the case might be prolonged indefinitely. See City Nat. Bank v. Watson, (Tex. Civ. App.) 178 S. W. 657. Waiving that point, however, should we now comply with the request so made? The matter of amending the record in the lower court was discussed by this court in the case of School District v. Western Tube Co., 13 Wyo. 304, 80 Pac. 155, where the court referred to two rules, one requiring that, in order to make such amendment some written memorandum or minute of the transaction must appear in the case, the other rule permitting such amendment upon any evidence, properly admissible and satisfactory in its weight and character. As to which should be the rule was not decided. In the case of Callaghan v. Houck & Co., 14 Wyo. 201, 83 Pac. 372, a motion was made, as here, to send the record back for correction. It was held that the bill of exceptions cannot be amended or corrected from the memory of witnesses or the mere recollection of the trial judge, but only upon minutes or memoranda in the possession of the court or judge—a rule also stated in 4 C. J. 317. The court further seems to have laid down the rule that whether or not a record shall be returned for amendment is in the discretion of this court, but that where it appears that the omission therefrom of an essential fact is due to the laches of the party seeking relief,—as it undoubtedly is in this case—the discretion should be used against him. The court, accordingly, refused to have the record returned for amendment. In Hamilton v. Diefenderfer, 20 Wyo. 138, 122 Pac. 88, this court permitted the return of the record, in order that it might be corrected, but it appears that affidavits were filed in that case disclosing, as stated by counsel in that case, that there were ample data for the district court to make the amendment. In Bank v. Gray, 22 Wyo. 483, 144 Pac. 294, too, this court made an order for the diminution of

the record.  In that case a written motion was filed, supported by affidavits, which disclosed that the fact which was sought to be shown by an amendment appeared of record in the case.  This court, while apparently fully approving of the case of Callaghan v. Houck & Co., supra, stated that it would permit the amendment "without passing finally or conclusively upon the sufficiency of the showing as to the existence of a record or fact to entitle the bill to be amended in the manner proposed, since the party opposing the amendment can, if the bill be amended, question the propriety thereof when the case comes before this court for consideration."

It is clear from these cases, without analyzing closely the full effect thereof, that at least some showing should be made in this court that the amendments sought can in fact be made.  We find a motion for a new trial in this case among the original papers and the journal entries contain an order overruling the motion.  This journal entry, however, shows no exception taken to this order, so that the prima facie showing here would seem to be that no exception was in fact taken.  Plaintiff in error in his motion, it is true, states that he had twice written to Judge Brown to note an exception; but in the first place the motion is unsupported by affidavit, and in the second place it fails to state the dates of these letters, and in no manner whatever indicates that an exception was in fact reserved at the time that the motion for a new trial was overruled.  We cannot see how under this state of facts we can use our discretion in favor of sending the record back to have it amended without setting a bad precedent for other cases.

In deciding a motion of this kind, we do not ordinarily go into other questions in the case, and it is not proper to do so, yet, to exercise our discretion above mentioned rightly, it would seem not to be improper to take some

cognizance of certain questions which necessarily, in going over the record, are forced upon our attention, and which appear to offer no difficulty upon a cursory examination. In Dudek v. Gross, 36 Wyo. 30, 252 Pac. 789, for instance, a motion was made to dismiss the appeal on the stated ground that one Robinson had not been made a party. During the examination of the record it was disclosed that the plaintiff in error had no interest in the appeal, and the appeal was dismissed partially on that ground. In the case at bar, an action to remove a tax deed as a cloud on certain lands, the unusual situation is disclosed that the ownership of the land is alleged to be in other parties, relatives of plaintiff, and that the action is brought by plaintiff, in his name, as their attorney in fact, without alleging any interest in the premises in himself, or any interest in the suit other than as attorney in fact. That was one of the main points raised in the court below. It would hardly seem necessary for this court to point out that such a suit cannot be maintained. Section 5580, Wyo. Comp. Stat. 1920 plainly states that an "action must be prosecuted in the name of the real party in interest." That is the general rule. 30 Cyc. 30; City of Elgin v. Hydraulic Co., 85 Ill. 182; Rock v. Huff, 73 Nebr. 162, 102 N. W. 267; Pyner v. Scofield, 11 Ind. 550. In Brooks v. Holton, 136 N. C. 306, 48 S. E. 737, it was held that an attorney cannot bring an action in his name for his clients. In Todd v. Phifer, 1 N. J. L. 362, it was held that an attorney in fact can not bring an action in his name for those whom he represents. In view of this rule of law, it is clear that our discretion above mentioned has been used properly.

The motion, accordingly, to have the record sent back for correction must be denied, and the motion to dismiss the case must be sustained, and the case is accordingly dismissed. Previously the plaintiff in error filed a motion for a restraining order against the defendants in error.

But since the case must be dismissed as herein stated, that motion must necessarily fail and we cannot take further cognizance thereof.

*Dismissed.*