HANNIBAL, RALLS COUNTY AND PARIS PLANK ROAD COMPANY, Appellant, v. ROBINSON, Respondent.

1. Under the revised code of 1845, a justice of the peace could set aside a nonsuit only in case it was rendered on account of the absence of the plaintiff at the time appointed for trial; if a justice should render a judgment of nonsuit and dismiss a cause for the alleged reason that the plaintiff had not filed with him the instrument of writing on which the suit was founded, no motion to set aside such nonsuit would be necessary to entitle the plaintiff to an appeal.

2. The seventh section of the second article of the act regulating proceedings in justices' courts (R. C. 1845, p. 638) did not, in a suit to recover the balance alleged to be due on a subscription to the capital stock of a plank road company organized under the act of February 27, 1851, (Sess. Acts, 1851, p. 259,) require the filing of the original articles of association executed by defendant and others for the purpose of organizing the company.

*Appeal from Ralls Circuit Court.*

*Porter & Harrison*, for appellant.

I. No motion to set aside the dismissal was necessary. The clause of the statute requiring the filing with the justice of any paper on which the suit is founded before any process issues is merely directory. (6 Mo. 516.) By the by-laws the original articles of association had to be kept by the secretary for the use of the members.

*W. E. Cooke* and *Vanswearingen*, for respondents.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff filed (July 14, 1854) an account against the defendant for the balance due on his subscription to the capital stock of the Plank Road Company. At the trial before the justice both parties appeared, and on the defendant's motion the cause was dismissed because the plaintiff had not filed the original articles of association on which the liability of the defendant arose. The plaintiff thereupon appealed to the circuit court. In that court the defendant moved to

dismiss the appeal because the plaintiff had not applied to the justice to set aside the nonsuit, and because an appeal will not lie from a judgment of nonsuit before a justice unless a motion is first made to set it aside. The defendant also renewed the motion to dismiss the suit that had been made and sustained by the justice. Both motions were sustained. Pending these motions, the plaintiff filed the original articles of association purporting to be signed by the defendant and many other persons, from which it appears that the instrument was executed for the purpose of organizing a corporation for the construction of a plank road between designated points, pursuant to the provisions of an act of the general assembly entitled "An act to authorize the formation of associations to construct plank roads and macadamized roads," approved 27th February, 1851. (Sess. Acts, 1851, p. 259.) This paper shows the objects of the association, the respective sums agreed to be paid by the stockholders thereto, and in all particulars seems to conform to the requirements of the second section of the act. The plaintiff also filed the by-laws of the association, which require among other things that the secretary shall carefully keep and preserve all books and papers belonging to the company, subject at all times to the inspection of any stockholder.

The record presents only two questions, which are, *first*, was it necessary for the plaintiff to move to set the judgment of nonsuit aside before the appeal was taken; and, *second*, was it necessary that the original articles of association should be filed with the justice at the commencement of the suit.

In suits in justices' courts, if the plaintiff fail to appear in person or by agent, the justice is required to render judgment of nonsuit against him with costs, unless the action is founded on an instrument of writing purporting to have been executed by the other party and the demand is liquidated. So also judgments by default may be rendered against the defendant if he fail to appear, and such judgments of nonsuit and by default may be set aside by the parties for good cause;

26—VOL. XXVII.

shown, provided application is made for that purpose within ten days after the rendition of the judgment. (R. C. 1845, p. 651, § 7, 8, 9 and 10.) And it has been often decided that an appeal can not be prosecuted from a judgment of nonsuit rendered because the plaintiff failed to appear, or by default, unless an application to set it aside is first made in due time to the justice and overruled. But a justice of the peace has no general power to set aside verdicts, and can only grant new trials in cases provided for by the statute; and as he can not set aside a judgment of nonsuit unless it was rendered on account of the absence of the plaintiff, it would be useless to require a plaintiff, nonsuited for any other reason, to ask the justice to set aside a judgment over which he has no control. The judgment in this case was not a nonsuit within the meaning of the ninth section of the act referred to, and therefore, as the justice had no power to set it aside, the plaintiff was not bound, as a preliminary to the right of appeal, to move the justice to set it aside.

The section of the statute which provides that "whenever any suit shall be founded on any instrument of writing purporting to have been executed by the defendant, such instrument shall be filed with the justice before any process shall be issued in the suit," does not apply to a case like this. The instrument on which the liability of the defendant arose was the organic act of the company, and by the by-laws of the corporation of which he was a member was required to be kept by the secretary subject to the inspection of the stockholders. It contains the names of all the stockholders; and if it be, as the defendant contends, that this paper must be filed in a suit against any delinquent and remain with the court or justice during the pendency of the litigation, then but one suit can be prosecuted at the same time, and that one might be so long in court that an action against other delinquent subscribers would be barred by limitation. Very often all the original subscriptions to the stock of a corporation are made in one large book, containing other matter of daily use to the company, and to require such a book to be

filed in a suit would not only cause great inconvenience to the business of a corporation, but would practically deny it the process of the law to inforce the collection of its demands. The subscribers to the stock may reside in different parts of the state, and if many of them refused to pay the calls on their stock, the life of the corporation might expire before every delinquent could be sued. The statute ought not to receive a construction which would work such public inconvenience, when a more liberal view will subserve all the purposes of justice, and injure no one. If the defence puts in issue the execution of the paper, it will be time enough to produce the original.

Judge Napton concurring, the judgment will be reversed and the cause remanded. Judge Scott not sitting.