STATE OF MISSOURI to the use of MIKE SCHOETTLER, Appellant, v. CHARLES BOETTGER *et al.*, Respondents.

St. Louis Court of Appeals, March 18, 1890.

1. **Justices of the Peace: JUDGMENTS.** If a justice of the peace, with the consent of parties, sets aside a non-suit, and all the parties to the action thereafter voluntarily appear and go to trial before him, a judgment rendered on such trial is valid.

2. ———: RENEWAL OF EXECUTION. A justice of the peace has power under the statute (R. S. 1879, sec. 3018) to renew an execution by endorsement on its return day, or possibly before; but, after such return day, he cannot renew an unsatisfied execution by endorsement, though he may issue a new one in its place.

The State to use of Schoettler v. Boettger.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

Reversed and remanded.

*F. & Ed. L. Gottschalk,* for the appellant.

(1) The justice has no right to set aside a non-suit taken voluntarily. R. S. 1879, sec. 2949; *Hannibal v. Robinson,* 27 Mo. 396; *Weeks v. Etter,* 81 Mo. 377; *Downing v. Garner,* 1 Mo. 751. Nor does the appearance of the parties at a subsequent trial confer jurisdiction of the subject-matter upon the justice. *Downing v. Garner, supra; Cason v. Tate,* 8 Mo. 45; *Semple v. Thomas,* 10 Mo. App. 457. An execution cannot be renewed after it has been returned. R. S. 1879, sec. 3018; *Decker v. Lidwell,* 3 Mo. App. 600; *Bark v. Bray,* 37 Mo. 195; *McDonald v. Gronefeld,* 45 Mo. 20.

*Lodge & Talty,* for the respondents

Thompson, J., delivered the opinion of the court.

This was an action upon a constable's bond for levying upon and converting property of the plaintiff's usee under a void execution. The execution is challenged on two grounds: (1) That the judgment on which it was issued was void. (2) That the execution itself was void.

I. The judgment was that of a justice of the peace. There had been a trial, at which the plaintiff had taken a non-suit and paid the costs. Thereafter, as the facts tend to show, by the consent of the defendant in that action, the plaintiff's usee in the present proceeding, the justice set aside the non-suit, and issued a notice for another trial, but, at his request, the case was afterwards postponed by the justice to a future day, at which he appeared by his counsel, when the cause was tried by the justice.

In this state of facts, which seems to be uncontradicted, there is nothing in the point that the judgment was void. For, though a justice of the peace has no power to set aside a non-suit, or any other judgment, and grant a new trial (*Hannibal, etc., Plankroad Co. v. Robinson*, 27 Mo. 396; *Weeks v. Etter*, 81 Mo. 375), yet, after a non-suit, the plaintiff can sue again on the same cause of action, and the defendant can, under such or any other circumstances, waive the issuing of service of process against him, and voluntarily appear, and thereby give jurisdiction to the court over his person.

II. But the court is of opinion that the second point is well taken. It appears that execution was issued on the judgment and returned at the expiration of ninety days, as required by the statute (Revised Statutes, 1879, section 3014); that, sometime afterwards, the plaintiff in the judgment desiring a new execution, the justice took from his files the old execution and endorsed on it, "At the request of plaintiff this execution is hereby renewed for ninety days,"—dating, endorsing and signing it officially. The court is of opinion that, after an execution has been issued and regularly returned by the officer, it is *functus officio*, and that the justice cannot revive it by such an endorsement, but must issue a new execution. The statute provides (Revised Statutes, 1879, section 3018) that "if any execution be not satisfied, it may, at the request of the plaintiff, be renewed from time to time by the justice issuing the same, or the justice to whom his docket is transferred, by an endorsement to that effect, signed by him, and dated when the same shall be made. * * * " The court is of opinion that this statute gives the justice power to *renew* the execution on its return day, and possibly before; but only during its life, and does not give him power to *revive* it, after it became dead.

The judgment will, accordingly, be reversed and the cause remanded. All the judges concur.