## ITALIAN–SWISS AGRICULTURAL COLONY v. BARTAGNOLLI ET AL.

PRACTICE — JUDGMENT — APPEAL FROM JUSTICE OF THE PEACE — DEFAULT — APPEAL BOND.

1. In a suit between private parties, in a justice court, an undertaking running to the people of the state of Wyoming, for the use and benefit of the county, is not a proper or sufficient undertaking on appeal.

2. Upon appeal from a default judgment rendered by a justice of the peace, in the absence of proceedings taken in the justice court to vacate the judgment, there is nothing for the district court to determine, except such objections as might be made to the judgment on the face of the record. And in such case it is error for the district court to permit defendant who appeals to introduce evidence.

3. The statutory provisions for appeal from a judgment of a justice of the peace must be strictly followed; and, where there is no notice of appeal, payment of costs, or undertaking, as required by law, the appeal should be dismissed by the district, on motion.

[Decided August 1, 1900.]

ERROR to the District Court, Sweetwater County, HON. DAVID H. CRAIG, Judge.

The action was brought in justice court, and judgment given for plaintiff on default. The defendant attempted to appeal to the district court, but did not observe the statutory requirements. The district court refused to dismiss, on motion, and allowed the defendants to give

evidence, and rendered judgment for them. The plaintiff thereupon brought error.

*John H. Chiles*, for plaintiff in error; *T. S. Taliaferro*, of counsel.

The right of appeal from a justice court is purely a statutory proceeding. The proceedings as pointed out by statute must be strictly followed. (Const., Art. 5, Sec. 23; Clendening v. Guise, 8 Wyo., 55 Pac., 447; R. S., Sec. 4398; Sherer v. Sup. Ct. 94 Cal., 354; Brickner v. Sporleder, 3 Okla., 561; State v. Sup. Ct., 17 Wash., 54; Ivinson v. Pease, 1 Wyo., 207; Jenkins v. Cheyenne, *id.*, 287; Coker v. Sup. Ct., 58 Cal., 177; 88 *id.*, 465; 68 *id.*, 25; 86 *id.*, 77; 2 S. Dak., 399; 3 Wis., 640; 2 Chand, (Wis.) 94; 3 Wis., 310; 54 Kan., 313; 37 *id.*, 692; 2 Idaho, 180; 36 Kan. 202; 13 O. St., 485; 23 Minn., 4; 24 Wis. 296; 3 Ore. 320.) No issue having been raised in the justice court, judgment rendered on default, there was nothing for the district court to try. The issues must be made in the court of original jurisdiction. (Martin v. Dist. Ct., 13 Nev., 90; 1 *id.*, 96; 22 *id.*, 103; 7 Neb., 474; 12 *id.*, 52; 37 Mo. 261; 27 *id.*, 396; 63 *id.*, 449; 52 *id.*, 145; 53 *id.*, 338; 55 *id.*, 292; 59 *id.*, 383; 16 Ia., 44; 4 Ore., 438, 54 Pac., 520; 10 Cal., 19; 11 *id.*, 328; 59 *id.*, 661; *id.*, 471; 63 *id.*, 435; 68 *id.*, 98; 77 *id.*, 305; 56 Pac., 827.)

*D. G. Thomas*, for defendants in error. (No brief filed.)

KNIGHT, JUSTICE.

This action was originally brought by plaintiff in error against defendants in error to recover on account, and before a justice of the peace, on March 22, 1899, plaintiff in error filed its bill of items and caused summons to issue, which was duly served upon defendants as provided by law. On March 28, 1899, and upon the return day of said summons, the same was filed with return as to service duly indorsed; and defendants being in default proceedings were had as provided and directed

by Section 4386, and judgment regularly given for plaintiff in the sum of $50.52 and costs, the latter having been taxed at five dollars.

We have not been favored with a brief, or appearance by defendants in error; but it would appear from the record that an appeal was attempted to the district court without complying with any of the provisions of law in such case made and provided. A transcript of the proceedings in justice court was obtained to which was attached an undertaking entitled in the case and running to the people of the State of Wyoming for the uses and benefits of Sweetwater County in the sum of one hundred and twenty-five dollars. This undertaking is not such as is directed by Sections 4398 or 4403, nor any existing statute or appeals, nor was it approved by the justice of the peace. It would appear, however, that upon the filing of this transcript and undertaking in the district court a notice was obtained from the clerk of the district court and served upon the plaintiff in error that an appeal had been taken as provided by Section 4400. Subsequently, at one of the regular days of the ensuing term of the district court plaintiff in error presented a motion to dismiss the appeal so as aforesaid had and obtained, which said motion was denied by the court, to which ruling plaintiff in error duly excepted. Thereupon after hearing evidence on the part of defendant in error the court found and gave judgment for defendants in error, and the case comes to this court on error.

Plaintiff in error urges two grounds for error.

First, That where a judgment has been rendered upon personal service of summons and upon default, and in compliance with the provision and direction of statute, such judgment cannot be reversed on appeal.

Second, That the right of appeal from a judgment rendered by a justice is statutory, and in taking such appeal all statutory provisions in relation thereto must be complied with.

Upon plaintiff's first ground of error we find an inter-

esting opinion by Justice Story in the case of the United States v. Wonson, Jr., 1 Gallison, 4, wherein the right of appeal and review is very ably discussed. Also in 22 Nev., 103; 7 Neb., 474; 12 Neb., 52; 37 Mo., 261; 27 Mo., 396; 16 Iowa, 44; 4 Ore., 438; 10 Cal., 19; 11 Cal., 328; 59 Cal., 661; and many others.

In the case of Martion v. District Court, 13 Nev., 90; the court makes use of the following language:—

"We think, however, that the district court had no jurisdiction by appeal in this case. The judgment was entered upon the default of the defendants and there was no issue of law or fact to be tried. All the district court can do in a case appealed from a justice's court is to try it anew. (C. L., 1643), and if no sort of issue has been made or tried in the justice's court there is nothing to be tried anew. (10 Cal., 19; 11 *Id.*, 328.) These decisions were approved by Judge Brozman (1 Nev., 96); and his decision has only been so far qualified as to hold that an appeal lies to this court from a judgment by default in the district court upon the question whether the default has been properly entered. (3 Nev., 385.) This is correct, no doubt, because this court on appeal from a judgment may review any question affecting its correctness or validity, which can be raised upon the record. But on appeal to the district court the case is different. All the district court can do is to retry issues of law or fact that have been made in the justice's court. If the defendant, by making the default, has failed to raise any sort of issue in the court of original jurisdiction, he will not be permitted to raise such issues for the first time in the appellate court. He cannot be allowed at his option to convert a court of appellate into a court of original jurisdiction."

Our own statutes seem to be mandatory as to what proceedings shall be had before a justice of the peace where the defendant is in default, and are as follows:

" Sec. 4386. If the plaintiff fail to appear at the return day of the summons the action must be dismissed. If the

defendant fail to appear at the return day of the summons, his default shall be recorded and the plaintiff may proceed to prove his claim, which being established, judgment shall be rendered in his favor, and, if either party fail to attend at the time to which a trial has been adjourned, or either fail in the proof on his part, the cause may proceed at the request of the adverse party, and judgment must be given in conformity with the proof on his part.''

And the following section of our laws makes provision for the correction of errors in proceedings had under the provisions of the former section, and is as follows:

'' Sec. 4387.    When judgment shall have been rendered against a defendant in his absence who having been served with summons failed to appear, the same may be set aside upon the following conditions, cause being shown by affidavits :

1. That his motion be made within ten days after such judgment was rendered upon notice to the opposite party;

2. That he pay the costs awarded against him;

3. That he notify in writing the opposite party, his agent or attorney, or cause it to be done, of the opening of such judgment, and of the time and place of trial, at least five days before the time if the party reside in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice, ten days before its trial.''

Our constitution contains the following provisions:

'' Appeals shall lie from the final decisions of justices of the peace.    *    *    *    in such cases and pursuant to such regulation as may be prescribed by law.'' Art. 5, Sec. 23,

And subsequently our legislature regulated and prescribed the method of taking appeals from justices of the peace in the following:

''Sec. 4398.   Any person desiring to appeal shall, within fifteen days after rendition of the judgment from which his appeal is to be taken, file with the justice of the peace by whom such judgment shall have been rendered,

a notice of such desire, and shall, within said fifteen days, either pay all the costs of the cause appealed up to the time of the transmission of the papers to the district court, as hereinafter provided, including one dollar and fifty cents which shall be allowed to the justice for making a transcript and allowing the appeal, or shall give bond in double the amount of all such costs to the effect that he will pay the same in case judgment be rendered against him therefor in the district court, and such undertaking may be included in the undertaking in stay of execution hereinafter provided for in case such undertaking in stay shall be given.''

And also by the provisions:

'' Sec. 4400. The clerk of the district court upon receiving such transcript and papers, shall file the same and docket the appeal, and shall receive such fees therefor as are allowed in other cases, and said clerk shall, on or before the second Saturday after the docketing of such appeal, issue, under his hand and official seal, notice to the appellee that such appeal has been docketed, which notice shall be returnable the second Monday after its date, and shall be placed in the hands of the sheriff for service, who shall serve same upon the appellee, or his attorney of record, in the manner provided for the service of summons out of the district court, and shall return same within the time therein limited. When such notice is returned, ' not served,' or when the appellant deems the service defective, other notices shall be issued until the appellee is duly served therewith. In cases where the appellee cannot be served with notices aforesaid, the appellant may establish this fact by affidavit in the district court, and the case shall stand for trial the same as though such notice had been duly served.''

The next ensuing section seems to preclude any discussion as to what may be done on appeal by the district court.

14

"Sec. 4401.   The plaintiff in the court below shall be the plaintiff in the district court, and any case appealed shall stand for trial at the term of the district court, regular or adjourned, next following the service of the notice provided for in section four thousand, four hundred, or the filing of proof that such service cannot be had.   The case shall be tried *de novo*, and the trial shall be had upon the pleadings and issues filed and made in the court appealed from; no objection shall be raised to any pleading or proceeding on appeal which was not raised in the lower court, provided it were possible to raise same there before judgment rendered, but all objections, demurrers and motions presented in the lower court shall be heard and considered by the district court at the request of party presenting same, if made at the proper time."

Under the first ground of error above recited, we are of the opinion that as no issue was presented in the justice court by defendants in error, the district court had no issue to hear and determine; and it was error to permit the defendants to introduce evidence, and to render judgment against plaintiff in error thereon.   No objections seem to have been made upon the record of the proceedings before the justice, and upon appeal from a default judgment rendered by a justice, in the absence of proceedings taken in the justice court to vacate the judgment as provided by section 4387 above quoted, there is nothing for the district court to determine except such objections as might be made to the judgment upon the face of the record.

As to the second ground of error.   That the statutory grounds for appeal must be strictly followed.   Many of the authorities above cited are in point, and the others at hand warrant us in the conclusion that there could be no denial of the statement as made based upon a decision of a court.   As has already been said, there does not appear to have been any attempt to comply with the provisions of our statutes as to notice of appeal, or, paying costs, or giving bond therefor.

We are of the opinion that the motion of plaintiff in error made in the district court to dismiss the appeal herein should have been sustained. And this case is remanded to the district court with directions to set aside the judgment rendered against plaintiff in error, and to sustain the motion of plaintiff in error to dismiss the appeal, and to award said plaintiff in error all costs expended.                                                      *Reversed.*

POTTER, C. J., and CORN, J., concur.