STATE ex rel. EUGENE CLEMENT, Appellant, v. J. D. STOKES, etc., Respondent.

St. Louis Court of Appeals, March 3, 1903.

1. **Execution: MANDAMUS.** The facts in the case are in the main the same as those of State ex rel. Clement v. Rainey, 99 Mo. App. (St. L.) 218.

2. ———: ———. A constable may be forced by mandamus to serve a writ of restitution.

3. ———: ———. It is no defense to the constable in such case that before the judgment for possession was rendered the case had been settled.

Appeal from Greene Circuit Court. — *Hon. J. T. Neville,* Judge.

REVERSED AND REMANDED.

*A. F. Butts* for appellant.

(1) Five days after the execution was delivered to the said J. D. Stokes this cause of action arose. Revised Statutes 1899, section 4133, commands the constable to deliver possession to the landlord within five days from the time of receiving said execution. Execution can be issued to the township in which defendant resides. R. S. 1889, sec. 4036. (2) Where an execution is fair on its face, and comes from a court having jurisdiction of the subject-matter of the cause of action recited in the execution, it is the duty of the constable to serve the writ. Turner v. Franklin, 29 Mo. 285; Merchant v. Bothwell, 60 Mo. App. 341; Mechem's Public Officers, secs. 745, 768; Cooley on Torts (1 Ed.), 459, 464; Am. and Eng. Ency. Law (1 Ed.), p. 530.

*Hamlin & Mason* for respondent.

We contend that the plaintiff's judgment was void

because he combined two actions, one for rent and pos-session, and the other for rent only, and that the mode of procedure is different in both; under the one for rent and possession, only, five days' notice for trial, being required, and under the other for rent, by attach-ment, ten days' notice is required, the same rules of practice apply in this as other attachment suits. Sec. 4124, Revised Statutes 1899. We contend that the justice could only issue one execution on the judgment (sec. 4032, R. S. 1899), and that he could not issue another until the first one run ninety days; it must have run ninety days before it could be returned (sec. 4034, R. S. 1899). The record in this case shows that the first execution issued and directed to the constable of Campbell township was not returned at the time the execution directed to the constable of north Campbell township in question was issued.

GOODE, J.—The facts of this case are in the main the same as those of State ex rel. Clement v. Rainey, 99 Mo. App. (St. L.) 218. That case was an action against Rainey and the sureties on his bond as con-stable, instituted by relator, Clement, because of the refusal of Rainey to serve an execution issued by a justice of the peace commanding him to put the relator in possession of certain premises, he having obtained judgment for the possession thereof before the justice who issued the writ.

The present action was instituted to compel the de-fendant, Stokes, to whom an alias execution had issued of the same tenor, to serve that writ by making restitu-tion of the premises to the relator. The alternative writ of mandamus alleges the issuance of the execution, its delivery to Stokes and the latter's refusal to serve it, with other necessary allegations to entitle the relator, if they be true, to the relief he asks.

Stokes' return to the alternative writ alleges that the judgment of the justice for the possession of the

premises was void as having been rendered without due notice to Galbraith, the defendant in the action; further, that after the parties to the action had agreed on a settlement and dismissal of it, Clement took judgment and caused execution to issue.

The return further alleges the issuance of two executions preceding the one issued to Stokes, and that they were returned before they had run ninety days; that hence the one issued to Stokes was void.

We have considered most of the questions involved in this case in the opinion in the Rainey case, and need not go into them again.

We hold the judgment was sufficient to support process for the restitution of the controverted premises.

The statement in the return that prior to the judgment the suit before the justice was settled by Galbraith and Clement constitutes, of course, no defense in favor of Stokes in refusing to serve the writ. He had no right to raise such a question as an excuse for disobeying a process fair on its face.

If the other executions were returned by direction of Clement, as is alleged, before they had run ninety days, that is no reason why the present execution was void, nor had Stokes any right to inquire in regard to previous executions. He was protected by the one placed in his hands and it was his duty to obey its commands. And obedience in respect to making restitution of the premises may be enforced by mandamus. Fremont v. Crippen, 10 Cal. 211; State v. Black, 34 S. C. 194; North Pacific Ry. Co. v. Gardner, 79 Cal. 213.

It is suggested in respondent's brief that Galbraith vacated the premises a few days after this case was tried in the circuit court. If that is true, it will be a good reason for refusing to grant a peremptory writ, but is no reason why the costs should be taxed against the appellant.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.