COMMERCIAL REAL ESTATE AND BROKERAGE COMPANY, Respondent, v. RIEMANN et al., Garnishees, Appellants.

St. Louis Court of Appeals, February 13, 1906.

1. JUSTICE OF THE PEACE: Execution: Alias Writ. An alias execution issued by a justice of the peace before the expiration of the first execution is tantamount to a renewal of the first one and is sufficient to support a summons of garnishment.

2. ———: ———: Garnishment: Return of Notice. Where a summons of garnishment upon an execution issued by a justice of the peace sufficiently shows that the goods, chattels, moneys, etc., of the defendant in the hands of the garnishee are attached, a return of the service of the summons of garnishment reciting that the constable had served by delivering a true copy to the garnishee, was sufficient without declaring that the officer had attached the property of the defendant in the hands of the garnishee.

3. ———: ———: ———: Return of Execution. In order to give jurisdiction of the property or debt garnished, the return of the officers upon the execution should declare there was a seizure of the property or debt, etc., but such declaration is not necessary on the return of the notice of garnishment.

Appeal from St. Louis City Circuit court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Frank A. C. MacManus* for garnishees appellants.

(1) From October 29, 1903, the contention in this case of the garnishees is: that every act of both constable and justice was irregular, i. e., on October 29, 1903, the execution issued on July 31, 1903, might have been renewed by the justice. Section 4038, G. S., page 972. But it could not bê renewed directly or indirectly after it had been returned by the officer of that court, and in any event either of renewal or issuance, a docket entry should show the fact. Sec. 4038. Decker v. Lidwell, 3 Mo. App. 600; Bark v. Bray, 37 Mo. 195; McDonald v. Gronefeld, 45 Mo. 20. (2) Instead of attempting to renew it, the justice issues an entirely new and second execution on October 29, 1903, returnable February 1, 1904, which we claim is absolutely void and of no avail for any legal purpose, notwithstanding the Boettger case, 39 Mo. App. 686. A justice has no power to grant a new trial. Cason v. Tate, 8 Mo. 45; Dowing v. Garner, 1 Mo. 751; State ex rel. v. Hopper, 72 Mo. App. 174; Leith v. Singleton, 42 Mo. App. 449. (3) The constable's return on the notices of garnishment is insufficient to give the justice jurisdiction over the *res*. The return must show a levy on the property of defendant in the hands of the garnishee. There is no such return on any of the papers. Eppstein v. Salorgne, 6 Mo. App. 354; Keane v. Bartholow, 4 Mo. App. 507; Brecht v. Corby, 7 Mo. App. 300; Grocer Co. v. Carlson, 67 Mo. App. 185; Dunn v. Railway, 45 Mo. App. 34; Decker v. Railroad, 92 Mo. App. 53; Norville v. Porter, 62 Mo. 310.

*A. C. Davis* for respondent.

GOODE, J.—These appellants, A. Riemann and Anton Wind, doing business as A. Riemann & Co., are garnishees in the present cause. The defendants are Arnold Plack and A. C. Wolfram. The action was instituted before a justice of the peace in St. Louis on some promissory notes and a small judgment was recovered against

the two defendants. This judgment was entered July 31, 1903, and on the same day an execution was issued by the justice. On October 29th, the constable returned this execution *nulla bona* and on the same day, an alias execution was issued by the justice, but the fact was not noted on his docket. On January 27, 1904, the justice of the peace indorsed on the latter writ that it was "revived for ninety days from the date of the indorsement." Prior to this revival or renewal of the writ, and on January 22, 1904, the two garnishees, Riemann and Wind, had been summoned by the constable. At the time of this service, the constable delivered to the garnishees a written notice, summoning them to appear as garnishees before the justice to answer such interrogatories as might be exhibited to them, and further declaring that he attached in their hands any goods, chattels, moneys or evidence of debts which they had, belonging to the defendants Wolfram and Plack and all debts due from them to the defendants, or so much thereof as would satisfy the plaintiff's judgment. On this written summons and notice, the constable returned that he had served it on the garnishees in the city of St. Louis by delivering a true copy to each of them. Riemann defaulted but Wind answered the garnishment and denied that he was indebted to the defendants or had any property belonging to them. Judgment was entered against both the garnishees, the justice having found they were partners and that the firm was indebted to the defendants. Later an appeal was taken to the circuit court. In that court, the appellants filed a motion to quash and dismiss the garnishment proceedings for these reasons: That the alias execution was void, the justice of the peace having no power to issue it, and that the proof of service of the garnishment was insufficient in that the return did not contain a recital showing the constable had declared to the garnishees that he attached in their hands all goods and property and all debts belonging to defendants. This motion was left out of the bill of exceptions,

but the questions involved in it were raised by objections to the admission in evidence of the execution and the return thereon, and on the notices of the garnishment. Judgment was rendered against the garnishees in the circuit court after a trial on the merits and they appealed.

Appellants say a justice of the peace has no power to issue an alias execution and that his authority in the matter of executions is confined to issuing one and renewing it from time to time. In support of this position, we are cited to that section of the statute which provides that if an execution is not satisfied, it may be renewed by the justice at the request of the plaintiff by an indorsement to that effect signed by him, which endorsement shall renew the execution for ninety days from the date it is made. [R. S. 1899, sec. 4038.] This point looks to us to be more captious than substantial. The second execution issued by the justice, was tantamount to a renewal of the first one, which had not yet expired. The second one ran for precisely the same time that the first one would, had it been renewed. It has been decided once by this court, and taken for granted in other cases, that a justice has power to issue an alias execution. [State to use v. Boettger, 39 Mo. App. 684; State ex rel. v. Rainey, 99 Mo. App. 218, 73 S. W. 250; State ex rel. v. Stokes, Id. 236, 73 S. W. 254.] A justice's judgment will support an execution for three years and may be renewed from time to time, for ten. An execution cannot be renewed after it has expired. [State to use v. Boettger, supra.] Now it is unreasonable that if, from inadvertence or a belief that no goods can be found to levy on, an execution is allowed to lapse, the plaintiff never can have an alias, even though he discovers plenty of property subject to levy. Freeman says a plaintiff's right to have an alias execution as long as his judgment remains alive and unpaid, is given by the common law and no statutory authority for an alias need be shown; that the right exists unless expressly taken away by stat-

ute. [Freeman, Executions (3 Ed.), section 48.] We decline to hold the alias execution was void and the summons to the granishees, by virtue of it, failed to confer jurisdiction of them on the court.

The written notice delivered by the constable to the garnishees contained, besides a summons to appear before the justice, the following:

"I further declare to you that I do attach in your hands (and summon you, as garnishees) any goods, chattels, and moneys, evidences of debt, which you may have belonging to the said defendants A. C. Wolfram and Arnold Plack.

"And further, I do attach, in your hands, all debts due from you to the said defendants, or so much thereof as shall be sufficient to satisfy the debt, interest and costs in above case."

The return of the constable recited that he had served the garnishees by delivering a true copy of the foregoing notice and summons. It is manifest that the notice was an explicit declaration by the officer, that he attached all debts and property belonging to the defendants in the hands of the garnishees and all debts they owed the defendants. This was equivalent to a seizure of property or debts, and sufficed to give the court jurisdiction and support an order for the payment of plaintiff's judgment out of what the garnishees owed the judgment debtors. As we understand the contention of the appellants, it is that the return itself should have recited that the officer made the declaration to the garnishees. In other words, should have embodied the substance of the declaration as contained in the summons delivered to the garnishees. We know of no authority for such a ruling, and think it was sufficient for him to recite in his return, in the ordinary way, that he had served it on the garnishees. But to give jurisdiction of the property or debt garnished, a return showing a declaration of seizure should be made on the writ itself instead of on the notice of garnishment. [Todd v. R. Co., 33 Mo. App.

110, 113; Gregor Grocer Co. v. Carlson, 67 Mo. App. 179, 184.] This point was not raised in the court below. The first objection preferred by the appellants, as shown in the bill of exceptions, was to the second execution; and the reasons assigned for the objection were that the statutes made no provision for an alias execution, and further that there was an indorsement dated January 27, 1904, reviving instead of renewing the writ. After these objections had been overruled and the execution admitted, plaintiff's counsel offered in evidence the summons to the garnishees and the return on it. Appellants objected to the admission of those documents because "the return of the officer was insufficient; as he did not declare therein that any levy had been made or anything attached; and because, further, the execution under which the notice of garnishment was issued was invalid." In this connection, the attorney for the garnishees said: "The proper return would be 'And I further declare that the within-named garnishee (naming them) were served by delivering a true copy, and I did levy upon the moneys and goods in their hands.' This should be a portion of the return of the officer. It is immaterial what the writ shows on its face." It will be seen from the foregoing, that the objection to the return was not based on the fact that it was written on the notice instead of the execution, but on the inadequacy of its recitals to give the justice jurisdiction of the *res*. Now, the execution was put in evidence; but as to what the return on it was, we are left in the dark; for, as no point was made about the matter, there is nothing relating to it in the bill of exceptions. Sometimes officers embody notices of garnishment in their returns on executions and attachment writs. If it appeared that the return on the execution was defective in not showing a constructive seizure, we would reverse the judgment and remand the cause for an amendment; which has been held to be permissible in such an instance in the circuit court. [Todd v. R. Co., 33 Mo. App. 1. c. 113; Gregor Grocer Co. v. Carlson, 67 Mo. App. 1. c. 184.]

But any defect there may have been in that return is not before us. Neither party paid attention to any return except the one on the garnishment notice; and though the thought occurs that the execution return was likely inadequate, we cannot know this to be a fact. All the papers were before the circuit court and as it retained jurisdiction, the presumption exists, until the contrary is shown, that it did so on the requisite facts.

The appellant has pointed out no statute which expressly or impliedly makes a docket entry by a justice, of the issuance of an execution, essential to the validity of the process.

The appellants were in no way affected by the indorsement on the execution that it had been *revived.* They were garnished before that occurred.

The last two points are in no sense jurisdictional.

The judgment is affirmed. *Bland, P. J.,* and *Nortoni, J.,* concur.