## BURNS v. CHICAGO, BURLINGTON AND QUINCY RAILWAY COMPANY.

APPEAL AND ERROR—ABSENCE OF BILL OF EXCEPTIONS—EXCEPTIONS—RECORD—DISMISSAL.

1. A motion for new trial must be embraced in a bill of exceptions to become part of the record in a proceeding in error.

2. In the absence of a bill of exceptions, the action of the court below in overruling an alleged motion for new trial cannot be reviewed on error.

3. On error from a judgment dismissing plaintiff's petition and awarding costs to defendant, following a directed verdict for defendant, assignments of error that the court erred in overruling a motion for new trial, and in dismissing plaintiff's petition, and that the verdict is contrary to law cannot be considered in the absence of a bill of exceptions.

4. A motion for new trial and bill of exceptions are necessary to preserve an exception for its review on error to the ruling of the trial court, after the impaneling and swearing of the jury and the production of a witness by plaintiff, in sustaining defendant's objection to the introduction of any evidence by plaintiff on the ground of the insufficiency of the allegations of the petition to constitute a cause of action, resulting in a directed verdict for defendant, notwithstanding that the journal entry of the trial, verdict and judgment recites such ruling.

5. The statutory provision (R. S. 1899, Sec. 3742) that when the decision objected to is entered on the record, and the grounds of objection appear in the entry, the exception may be taken by the party causing it to be noted at the end of the entry that he excepts, applies only where the decision would properly be entered of record if no exception was taken to it.

6. It is neither required nor is it proper or usual to enter upon the journal record of the court its rulings upon the admission and rejection of evidence during the progress of an ordinary trial.

[Decided April 11, 1906.]                    (85 Pac., 379.)

ERROR to the District Court, Sheridan County; HON. C. H. PARMELEE, Judge.

On motion to dismiss.

*E. E. Lonabaugh* and *N. K. Griggs,* for defendant in error.

The case having been tried to a jury, and a final verdict returned, a motion for new trial was necessary to authorize a review of the errors complained of; a bill of exceptions was also necessary, and is required by the plain language of the statute. There being no bill and hence no motion for new trial the cause here should be dismissed. (Smith v. Casper, 5 Wyo., 510; Freeburgh v. Lamoureux, 12 id., 41; Groves v. Groves, 9 id., 177; Boulter v. State, 6 id., 66; Seibel v. Bath, 5 id., 409.)

*Robert P. Parker,* for plaintiff in error.

Motion for new trial was not required. In the court below no issue of fact was tried, but the judgment was rendered upon the pleadings. Where the error sought to be remedied appears upon the record, the party aggrieved may avail himself of it on appeal or error without a motion for new trial or bill of exceptions. (2 Cyc., 1076.) The exception of plaintiff in error was entered upon the journal, thus rendering a bill of exceptions unnecessary. (Rev. Stat. 1899, Sec. 3742; Seibel v. Bath, 5 Wyo., 409; Bank v. Swan, 3 id., 370; Maricopa Co. v. Rosson, 40 Pac., 314; Weeks v. Mining Co., 15 Pac., 304; State ex rel. v. McQuade, 41 Pac., 897; Reynolds v. Jackson Co., 3 Pac., 1072; McKinney v. Carter, 29 Pac., 597; Alley v. McCabe, 35 N. E., 616; McEntee v. Cook, 18 Pac., 259; Plow Co. v. Webb, 12 U. S., Sup., 101; 2 Cyc., 1086.) The exception in this case was a proper matter for journal entry.

POTTER, CHIEF JUSTICE.

This cause was heard on the motion of defendant in error to dismiss, on the ground that no reviewable error is presented.

The cause was brought in the District Court by the plaintiff in error to recover damages for the alleged killing of

certain cattle of plaintiff by an engine or engines of the defendant. A jury trial was had resulting in a verdict for the defendant, whereupon judgment was rendered dismissing the cause and awarding defendant its costs.

The petition in error complains of that judgment and assigns as error:

(1) That the court erred in overruling plaintiff's motion for new trial.

(2) That the court erred in dismissing plaintiff's petition.

(3) That the verdict is contrary to law. There is no bill of exceptions in the record, nor is it claimed that a bill was prepared or allowed, although it appears by a journal entry that time was granted within which to reduce exceptions to writing, which time has expired. It is clear, therefore, that none of the errors assigned are presented in a manner to authorize their review in this court.

Rule 13, so often referred to in former decisions, provides that "nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court, unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was overruled and exception was at the time reserved to such ruling; all of which shall be embraced in the bill of exceptions." That the verdict is contrary to law is made by statute a ground for its vacation and a new trial. (Rev. Stat. 1899, Sec. 3746.) Hence, in the absence of a bill of exceptions showing that such question was properly presented to the court below by a motion to vacate or for a new trial, it cannot be considered in this court on error. It has been settled in this jurisdiction by a long line of decisions that a motion for new trial must be embraced in a bill of exceptions to become part of the record, and as there is no bill in this record, and, therefore, no motion for new trial which this court can consider, it follows that we cannot review the

action of the court below in overruling the motion for new trial. Unless the verdict is contrary to law as alleged it is not perceived that the judgment is erroneous or prejudicial, though perhaps it should have been entered in a slightly different form.

We cannot agree with the contention of counsel for plaintiff in error that the errors alleged appear upon the record proper. It appears that in the journal entry of the trial, verdict and judgment, it is recited that after the jury were impaneled and sworn, and a witness had been called by the plaintiff, the court sustained defendant's objection to the introduction of any evidence by the plaintiff on the ground of the insufficiency of the allegations of the petition to constitute a cause of action, to which ruling the plaintiff excepted; and that thereupon the court directed the jury to return a verdict for the defendant; but no exception to that direction seems to have been entered. Counsel takes the position that the final result followed the ruling of the court sustaining the objection to the introduction of evidence, to which an exception was entered on the journal, and it is argued that as the case therefore presents the single question of law, whether the petition states a cause of action no new trial or motion for new trial was necessary, since the statute defines a new trial as a re-examination in the same court of an issue of fact, after a verdict by a jury, report of a referee or master, or a decision by the court. It is to be observed, however, in the first place, that though the court ruled on the trial that no evidence could be received for the plaintiff, on the ground above mentioned, the issue between the parties was nevertheless one of fact; the answer denied some of the material allegations of the petition, which, assuming that they would authorize recovery, would require proof on the part of the plaintiff. And should the judgment be reversed it is not perceived that this court could do otherwise than order the verdict vacated and remand the cause for a new trial upon the issues of fact. This court, certainly, could not presume the denied allegations of the pe-

tition to be true and direct a judgment for the plaintiff,.
without proof on his part.

Again, although the statute provides that, "when the de-
cision objected to is entered on the record, and the grounds.
of objection appear in the entry, the exception may be taken
by the party causing it to be noted at the end of the entry
that he excepts" (Rev. Stat. 1899, Sec. 3742), that pro-
vision applies only where the decision would *properly* be·
entered of record, if no exception was taken to it. (Lock-
hart v. Brown, 31 O. St., 431.) Our code provisions, in-
cluding the statute above quoted, were taken from the stat-
utes of Ohio; and in the Ohio case above cited, it was said
that such statute "is not intended as a substitute for a bill
of exceptions, where the exception relates to matters oc-
curring during the trial." In that case the exception re-
lated to the charge of the court to the jury, and it was held
that the charge excepted to was improperly made a part of
the entry, and was not reviewable in the absence of a bill.
We do not think that the rulings of the court during the
progress of an ordinary trial on the admission and rejection
of evidence are properly or usually entered upon the jour-
nal record of the court, and clearly they are not required
to be so entered. It might therefore be seriously questioned
whether the recital found in the entry in the case at bar
as to the objection to the introduction of evidence and the
decision thereon was properly there, or, being there, consti-
tuted a proper record of the occurrence. And the same
might be said respecting the alleged direction to the jury.

However, as to the assignments of error in this case, the
matter is set at rest by Section 3743, Revised Statutes of
1899, which provides that when "the exception is to the
opinion of the court on a motion to direct a non-suit, to
arrest the testimony from the jury, or, for a new trial
for misdirection by the court to the jury, or because the
verdict, or if a jury was waived, the finding of the court,
is against the law or the evidence, the party excepting must

reduce his exception to writing, and present it to the court * * * for allowance."

The motion to dismiss will be granted, and the cause accordingly dismissed.

BEARD, J., and SCOTT, J., concur.