## EGGART v. DUNNING.

APPEALS FROM JUSTICE COURTS — NOTICE — APPEAL AND ERROR — BRIEFS.

1. Statutes regulating appeals from justice courts are to be strictly construed.

2. The notice of a party's desire to appeal required by the statute (R. S. 1899, Sec. 4398) as one of the steps to perfect an appeal from justice court must be in writing and filed with the justice; a notation upon the justice's docket that the party gives oral notice of appeal is not sufficient.

3. The justice's allowance of an appeal does not excuse a party's failure to file the required written notice of a desire to appeal, nor confer jurisdiction upon the appellate court.

4. The filing of an appeal or cost bond with the justice does not excuse a party's failure to file the statutory notice of appeal, nor does it amount to a substitute for such notice.

5. Whether intentional or not, the use of language disrespectful to the court in counsel's brief is inexcusable, and may cause the brief to be stricken from the files.

[Decided May 7, 1907.]                    (89 Pac., 1022.)

ERROR to the District Court, Sheridan County, HON. CHARLES E. CARPENTER, Judge.

H. C. Dunning sued W. M. Eggart in justice court in Sheridan County to recover a money judgment. After rendition of judgment for plaintiff the defendant sought to appeal to the District Court. The appeal was dismissed by the latter court for the failure of the appellant to file with the justice a written notice of his desire to appeal. The appellant thereupon prosecuted proceedings in error. The material facts are stated in the opinion.

*Robert P. Parker,* for plaintiff in error.

The appeal from the justice was perfected on filing the bond provided for in Section 4403, Revised Statutes of 1899. (*Ex parte* Clarke, 3 Cow., 379; Robertson v. O'Riley, 24 Pac., 560.) The purpose of the notice required by Section 4398 is to obtain an allowance of the appeal, and the allowance, without the notice, waives the defect. The absence of the notice does not affect the court's jurisdiction. (20 Ency. L. (2d Ed.), 1106; Webster v. Hopkins, 11 How. Pr., 140; *Ex parte* Parker, 120 U. S.) The law favors the right of appeal, and it was not intended by the statute to render the filing of notice of appeal mandatory. The oral notice was sufficient. (Richardson v. Debnam, 75 N. C., 390; Hills v. Miles, 13 Wis., 625.) The recitation of the fact of appeal in the bond operated as sufficient notice.

*Stotts & Blume,* for defendant in error, argued that the appeal had not been perfected because the oral notice of appeal was not a compliance with the statute, and cited Italian-Swiss Agr. Colony v. Bartagnolli, 9 Wyo., 204.

SCOTT, JUSTICE.

This was an action on account, originally tried in a justice court of Sheridan County. Judgment was rendered for the defendant in error, who was the plaintiff, against the plain-

tiff in error, who was the defendant below. From such judgment the plaintiff in error appealed to the District Court of Sheridan County. Defendant in error appeared specially and moved to dismiss the appeal, which motion was granted and the court directed the case to be certified back to the justice court for enforcement of its judgment in accordance with the statute in such case made and provided. From the order dismissing the appeal the plaintiff brings the case here on error.

The motion to dismiss the appeal was on the ground of non-compliance with the provisions of Section 4398, Revised Statutes of 1899, in that no notice of a desire to appeal was ever filed with the justice of the peace who rendered the judgment. That section provides that: "Any person desiring to appeal shall, within fifteen days after rendition of the judgment from which his appeal is to be taken, file with the justice of the peace by whom such judgment shall have been rendered, a notice of such desire, and shall, within said fifteen days, either pay all the costs of the cause appealed up to the time of the transmission of the papers to the District Court, as hereinafter provided, including one dollar and fifty cents, which shall be allowed to the justice for making a transcript and allowing the appeal, or shall give bond in double the amount of all such costs to the effect that he will pay the same in case judgment be rendered against him therefor in the District Court, and such undertaking may be included in the undertaking in stay of execution hereinafter provided for in case such undertaking in stay shall be given."

The transcript of the justice docket shows that trial was had and judgment rendered on February 12, 1906. Following the entry of the judgment are the following entries: "Feb. 12, 1906, defendant gives oral notice of appeal. Feb. 24, 1906, defendant files appeal bond in the sum of $175, signed by W. M. Eggart and P. Cusick, which is approved by the court and appeal allowed." It does not appear that any written notice of intention or desire to appeal was ever filed with the justice.

The right of appeal from the judgment of a justice of the peace is given by the constitution in such cases and pursuant to such regulations as may be prescribed by law.   (Const., Art. 5, Sec. 23.)   Statutes regulating such appeals are strictly construed and so held by this court in Italian-Swiss Agricultural Colony v. Bartagnolli, 9 Wyo., 204; 61 Pac., 1020;  24 Cyc., 660.   Applying such rule to the case before us, it is apparent that the notation on the justice docket was not a compliance with the statutory provision as to filing the notice of a desire to appeal.   The oral notice could not be filed and it was evidently the intention of the Legislature that the jurisdiction upon appeal should not rest in parol or be subject to the uncertainties of memory, but that the evidence thereof should be in writing and show upon its face and by its filing, the step taken to perfect the appeal. It will be observed that the statute does not merely provide that notice shall be given, in which case any kind of a notice might be sufficient, but it goes further and provides that such notice shall be filed with the justice.   The distinction is very clearly shown in Willis, Jr., Admr., v. Willis, 20 O. C. C., 664, affirmed in 57 O. St., 668.   The statute provided that an administrator could appeal from an order of the Probate Court and one of the necessary steps to do so was to file a written notice of his intention to appeal.   Instead of doing so the administrator gave oral notice of his intention to appeal, which was noted upon the journal.   The court held that no appeal was perfected and that the appeal was properly dismissed.   In Brown v. Wallace, 21 O. C. C., 417, the court comments upon the statute which required a "giving of notice" and one which required a particular kind of giving—a filing—in order to perfect an appeal.   It was there held that there was a wide distinction in the meaning of such statutory provisions;—in the one which simply required notice to be given the manner of giving was not essential so long as the notice was actually given;  in the other, where the manner and method of giving and the kind of notice is provided, it excludes any other or substi-

tute therefor. While those cases did not arise on appeal from justice court, yet they did arise on appeal from courts of limited jurisdiction and in principle the question there raised is the same as the one here presented. It is contended that the allowance of the appeal by the justice was sufficient to confer jurisdiction of the appeal, notwithstanding the failure to file the notice of intention or desire to appeal. The appellate jurisdiction in such cases attaches upon filing the transcript and return of the justice showing that the necessary steps to perfect such appeal have been taken. The allowance of the appeal is mandatory upon the required steps having been taken, but cannot be a substitute for nor cure any omission of statutory requirement by the party seeking to appeal. (24 Cyc., pp. 661, 696, 700.)

It is urged that the defect was supplied by the undertaking given for costs which was filed and approved within fifteen days after the rendition of the judgment. It will be noticed that Section 4398, *supra*, treats the filing of the notice and giving the undertaking as separate and distinct steps in perfecting the appeal. The undertaking recites: "The condition of above obligation is such, that whereas the said H. C. Dunning did, on the 12th day of February, 1906, before J. J. Blackburn, a justice of the peace of Sheridan County, Wyoming, recover a judgment against the above bounden W. M. Eggart for the sum of seventy-three and 20/100 dollars and costs of suit, from which judgment the said W. M. Eggart has taken an appeal to the District Court, Fourth Judicial District, within and for the County of Sheridan; now if the said W. M. Eggart shall prosecute his appeal with effect and without unnecessary delay and shall abide by the decision of the District Court in such case, and will satisfy any judgment that may be rendered against him on account of such appeal, or in case the appeal is dismissed, will pay the judgment rendered against him by the said justice and all costs occasioned by said appeal, then the above obligation to be void, otherwise to remain in full force and effect." At the time of giving the under-

taking no appeal 'had' been taken nor had any notice of in-
tention or desire to appeal as required by law been filed
with the justice, nor had anything required by statute been
done to perfect the appeal. There was then no appeal
pending nor had any appeal been taken from the judgment.
The recitals in the undertaking are, therefore, based upon
and assume the performance of conditions precedent which
had not been and which were required to be performed in
order to perfect the appeal. A strict construction of the
statutes as applied in Italian-Swiss Agricultural Colony v.
Bartagnolli, *supra,* does not admit of an appeal in the ab-
sence of a written notice of a desire to do so, nor does the
undertaking for costs on appeal filed in this case amount
to a substitute therefor. (24 Cyc., 690.)

The record presents no question of a waiver of jurisdic-
tion. The parties having had one trial and their rights
fixed and determined in the judgment of the justice, such
judgment is valid and binding upon the parties until it is
reversed by proceedings in error or vacated on appeal. The
filing of the notice of intention or desire to appeal is neces-
sary to bring the subject matter into the District Court and
without it no jurisdiction is conferred in the absence of a
waiver of jurisdiction. The jurisdiction over the appellee
is acquired by service of process issued out of the District
Court (Sec. 4400, R. S. 1899) ; or by voluntary appearance
of such appellee. The necessity for filing the notice with
the justice is analogous to the statutory requirement in some
jurisdictions of an affidavit for appeal, and where it is uni-
formly held that the failure to file such affidavit is fatal
to the appeal. That seems to be the view of this court as
expressed in Italian-Swiss Colony v. Bartagnolli, *supra,*
where it is said: "As has already been said, there does not
appear to have been any attempt to comply with the pro-
visions of our statute as to notice of appeal * * *." It
was there held, for that and other reasons, that the appeal
was properly dismissed. For the foregoing reasons it fol-
lows that the order of the District Court of Sheridan

County in dismissing the appeal must and will be affirmed.

We feel that it is due this court to refer to another matter before closing this opinion.  Counsel for plaintiff in error has strayed far from the well beaten path of good ethics.  He takes occasion in his brief to criticise this court in disrespectful language for its recent decision in Burns v. C. B. & Q. Ry. Co., 14 Wyo., 498 (85 Pac., 379), and in which case he was counsel for the unsuccessful party.  That decision has no bearing upon the questions in this case and the reference to it with the language used excludes any idea of his act in so doing as being other than gratuitous.  This court is not over-sensitive to criticism couched in respectful language, but when a brief is filed which carries with it language that is disrespectful, whether intentionally so or not, such act is inexcusable.  It is due to the attorneys practicing at the bar of this court to say that it has never had occasion to refer to such conduct before.  We have refrained from striking the brief from the files, but take this occasion to say that a repetition of such conduct will subject a party to the penalty at least of having his brief stricken from the files.                                    *Affirmed.*

POTTER, C. J., and BEARD, J., concur. ·

