## LANDER STATE BANK v. NOTTINGHAM*
(No. 1396; February 8, 1927; 252 Pac. 1034.)

Appeal and Error—Motion for New Trial—Unnecessary When All Evidence Rejected for Insufficiency of Pleading.

1.  Where the trial court rejected all evidence because of insufficiency of the petition and dismissed plaintiff's cause without deciding any issue of fact, no motion for new trial was necessary before bringing error; Supreme Court rule 13, requiring such motion, being inapplicable.

*See Headnote:   (1)   3 C. J. p. 980 n. 66.

Error to District Court, Fremont County; Bryant S. Cromer, Judge.

Action by the Lander State Bank against George Nottingham, as Special Deputy State Examiner in charge of the liquidation of Shoshoni State Bank of Shoshoni. Judgment for defendant, and plaintiff brings error. Heard on defendant's motion to dismiss proceedings.

*M. C. Burk*, for the motion.

No motion for new trial was filed; the proceedings violate established rules of procedure; Boulter v. State, 6 Wyo. 66; Chatterton v. Bonelli, 27 Wyo. 301; Burns v. Ry. Co., 14 Wyo. 498; Jones v. Armeling, 222 p. 69; 5867 C. S.   In view of our statute on the subject, and the decisions of this court, we deem it unnecessary to take up further time of the court and respectively submit that there is nothing before the court to review, and that the motion should be granted.

*Durham & Bacheller*, contra.

A motion to exclude all evidence for insufficiency of the petition was sustained and plaintiff's action was dismissed; this is shown by a bill of exceptions; the motion of defendant, to exclude evidence, was equivalent to a demurrer ore tenus; no motion for new trial was necessary; Schmidt v. Bank, (Wyo.) 212 Pac. 651; Grover Co. v. Lovella Co. (Wyo.) 131 Pac. 43; 5870 C. S.; Anderson v. Englehart, 18 Wyo. 196; Bank v. Swan, 3 Wyo. 356; Burns v. C. B. & Q. Ry. Co., 85 Pac. 379. A new trial is a re-examination of an issue of fact; there is no issue of fact involved in ruling on a demurrer; Dodge City Co. v. City, (Kan.) 39 Pac. 219; Wagner v. Ry. Co., (Kan.) 85 Pac. 299; Clapper v. Putnam Co., (Okla.) 158 Pac. 297; Minnetonka Oil Co. v. Cleveland Co., (Okla.) 149 Pac. 1136.

Potter, Justice.

This case has been heard upon a motion to dismiss the proceeding in error. The only stated ground as we understand the motion, is that no motion for a new trial is included in the bill of exceptions; and we may say that none appears otherwise to have been filed in the cause. Counsel for the motion relies upon the rule of this court (Rule 13) providing that nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court in a proceeding in error unless it shall appear that the same was properly presented to the court below by a motion for a new trial, that such motion was overruled and an exception at the time reserved to such ruling, all of which shall be embraced in the bill of exceptions. There is a bill of exceptions in the case, but it does not include a motion for a new trial.

It is insisted by counsel for plaintiff in error that no motion for a new trial was necessary in view of the proceedings disposing of the cause. It appears that the pleadings consisted of the petition, answer and reply; that

the cause came on for trial before the court without a jury, and that upon calling the first witness, and inquiring his name and occupation, counsel for the defendant objected to the admission of any evidence for the reason "that there is no sufficient statement of fact in the proceedings in the cause from which any judgment of any character or description may be rendered or entered as against the defendant, the pleadings not disclosing any contract or any fact from which such judgment might be rendered in favor of the plaintiff and as against the defendant." That objection was sustained by the court, whereupon plaintiff's counsel then announced that it was his intention to immediately appeal the case, and asked that the defendant be directed to keep intact a sufficient fund to pay plaintiff's claim until said matter could be finally determined and adjudged. Counsel for defendant thereupon stated that he had no objection to that and an order to that effect was made, and no further proceedings were had except the entry of an order which we understand to be the final judgment appealed from, whereby it was ordered that the motion aforesaid of defendant's counsel be sustained; and the order included the following: "and the said plaintiff, having announced in open court that it desired to stand upon said petition and present said matter for review in the Supreme Court; it is further ordered that said cause be, and the same is hereby dismissed."

An exception was duly reserved to the order sustaining defendant's said motion and dismissing the cause. Counsel for the defendant, who is also defendant in error here, relies in support of the motion to dismiss the proceeding in error upon our decision in the case of Burns v. Chicago, Burlington & Quincy Railway Co., 14 Wyo. 498, 85 Pac. 379. That cause was dismissed on motion of the defendant in error; and it is stated in the opinion that the cause was brought by the plaintiff in error to recover damages for the alleged killing of certain cattle of plaintiff by an en-

gine or engines of the defendant; and that a jury trial
was had resulting in a verdict for the defendant, where-
upon judgment was rendered dismissing the cause and
awarding defendant its costs.   The motion to dismiss in
that case was made upon the ground that no reviewable
error was presented, and the particular ground alleged
and contended for, as shown by the opinion, in support of
the motion to dismiss was that there was no bill of excep-
tions in the record and no claim that any bill had been
prepared or allowed, and that although a motion for a
new trial had been filed in the cause, presented and over-
ruled, it was not preserved by a bill of exceptions as
required by our rule 13 aforesaid.

Upon consideration of certain points presented in that
cause upon said motion to dismiss, with reference to the
necessity of a bill of exceptions to preserve the motion
for a new trial, we held that a bill was necessary for that
purpose, and, concluding that there had been no such mo-
tion and that the verdict of the jury determined an issue
of fact in the case, which made a motion for a new trial
necessary to consider the points raised by the petition in
error for a reversal of the cause, the appeal was dis-
missed.   In so deciding, we said:

"Counsel (for plaintiff in error) takes the position
that the final result followed the ruling of the court sus-
taining the objections to the introduction of evidence, to
which an exception was entered on the journal, and it is
argued that as the case therefore presents the single ques-
tion of law, whether the petition states a cause of action,
no new trial or motion for a new trial was necessary,
since the statute defines a new trial as a re-examination in
the same court of an issue of fact, after a verdict by a
jury, report of a referee or master, or a decision by the
court.   It is to be observed, however, in the first place,
that though the court ruled on the trial that no evidence
could be received for the plaintiff, on the ground above
mentioned, the issue between the parties was nevertheless
one of fact; the answer denied some of the material allega-

tions of the petition, which, assuming that they would authorize recovery, would require proof on the part of the plaintiff. And should the judgment be reversed it is not perceived that this court could do otherwise than order the verdict vacated and remand the cause for a new trial upon the issues of fact. This court, certainly, could not presume the denied allegations of the petition to be true and direct a judgment for the plaintiff, without proof on his part.''

Counsel for plaintiff in error in the case at bar insist, in opposition to the motion here to dismiss, that the cause is clearly distinguishable from Burns v. Railway in that the proceedings upon the trial rejecting evidence are shown by a bill of exceptions duly allowed and signed and properly shown in the proceeding in error; and that the principal difficulty in Burns v. Railway Company was that none of those proceedings on the trial was preserved by a bill of exceptions. But we think counsel does not go far enough in stating the effect of the decision in Burns v. Railway Company. It also held, in our opinion, a motion for a new trial to have been necessary, the same to be preserved by a bill of exceptions. But *in that particular also* that case is *distinguishable from the case at bar.* There was no verdict of a jury in the case at bar, nor any judgment of the court expressly or by any reasonable construction passing directly or indirectly upon the facts in the case. Immediately following the sustaining of the objection to the introduction of any evidence because of the insufficiency of the petition, the court dismissed the action; the same as might have been done upon the sustaining of a written demurrer to the petition and a failure to plead further. Indeed, in the order entered showing the sustaining of the objection to the introduction of any evidence and dismissing the cause, is included the following recital, immediately following the direction in the order that the motion to exclude evidence be sustained:

"To which ruling and order of the court the plaintiff thereupon duly excepted, and the said plaintiff, having announced in open court *that he desired to stand upon said petition* and present said matter for review to the supreme court   *   *   *   *   it is further ordered, that the said cause be and the same is hereby dismissed," to which ruling and action of the court plaintiff at the time duly excepted.

Thus the court, by the order disposing of the action, seems to have clearly shown that the only question decided, was the point of law proposed by the motion to exclude evidence, viz: that the petition was insufficient to authorize the granting of any relief. And this, we think, clearly distinguishes the case from Burns v. Railway Company in that it shows that the case was disposed of, *not* upon an issue of fact, but by the decision of the court upon a question of law relating to the sufficiency of the petition.

In view of the situation thus explained, we are of the opinion that a motion for a new trial was not necessary to a considereation of the question sought to be raised in this proceeding in error. We find that question stated in the petition in error by the single assignment of error, as follows:

"That the said district court erred in sustaining the objection of the defendant in error to the admission of any evidence in said case for the alleged reason that the petition of the plaintiff did not state sufficient facts to constitute a cause of action, and in entering judgment in favor of said defendant and dismissing the cause of the plaintiff in error."

For the reasons stated, the motion to dismiss the proceeding in error must and will be denied.

*Motion to Dismiss Denied.*

BLUME, Ch. J., and KIMBALL, J., concur.